# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Case Number: 23-2277

Case Name: HENRY UNSELD WASHINGTON
V,
ROBERT D. GILMORE

### INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the district court or agency are you appealing?
SUMMARY JUDGMENT

What is the date of the order(s)? 3,1,19

When did you file your notice of appeal or petition for review? MAY 2019

**2. Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case). BOTH PARTIES FILED A MOTION FOR SUMMARY JUDGMENT APPELLANT ACTING PRO SE WAS ALLOWED TO PROCEEDE PASS APPELLEES MOTION TO DISMISS FILLED BY MORE THAN ONE ATTORNEY, FOUR APPELLEES D, FARR, I.R. M. STUMP, J, M, SMITH AND T.S. OSWALD WENT TO A JURY TRIAL, AND ONLY T. S, OSWALD WAS FOUND GUILTY IN THE DISTRICT COURT APPELLANT WAS FORCED TO PROCEED PRO SE APPELLEES WERE REPRESENTED BY TWO VETERN ATTORNEYS, APPELLANT MOTION FOR APPOINT MENT OF COUNSEL WAS DENIED, APPELLANT BRIEF FOR SUMMARY JUDGMENT WAS ⌐SUPPORTED BY A CONCISE STATEMENT OF FACTS, EXHIBITS, Doc#76;1 ";163;159;140;141;160;161;164

1

**3. Statement of facts**: Explain the facts and events that led to the complaint in the district court or the action before the agency.

N.B. I HAVE DEMENTIA. TO DATE, APPELLEES ARE DENYING APPELLANT ACCESS TO APPELLANT LEGAL DOCUMENTS PERTINENT TO THIS LEGAL CASE. WITHOUT THE LEGAL DOCUMENT APPELLANT PROBABLY WILL FIND IT NEAR IMPOSSIBLE FOR APPELLANT TO PROVIDE THIS COURT WITH ACCURATE NAMES, PLACES, DATES, VIOLATIONS. APPELLEES SHOULD NOT BE ALLOWED TO DENY APPELLANT, APPELLANT'S OWN LEGAL DOCUMENT WHICH WILL BE USED TO PROVE APPELLEES GUILT IN THE WRONGFUL CONDUCT THAT CONSTITUES; RETALIATION, FREE SPEECH, 8th, 14th AND 1st AMENDMENT VIOLATIONS, AND RLUIPA. APPELLANT ALLEGED THAT APPELLEES SEXUALLY-N-PHYSICALLY ABUSED APPELLANT FOR SEVERAL YEARS, BY MEDICAL-N-DOC STAFF. THIS AUBSE CONTINUED AT SCI-SOMER SET, WHERE APPELLEES ALREADY AWARE OF APPELLANT LEGAL ACTIONS, GRIEVANES AND COMMUNICATIONS WITH AUTHORITIES, AND PUBLIC FIGURES; RECITING THE DOCK ET NUMBER-N-TITLES OF APPELLANT ONGOING LEGAL ACTIONS, MANY OF THE DEFEND-CITED IN THOSE GRIEVANCES-N-LEGAL ACTIONS ACKNOWLEDGED THAT THOSE INDIVIDU-ALS ARE THEIR BIOLOGICAL RELATIVES, FRIENDS, NEIGHBORS, INLAWS, COWORKER ARMY BUDDIES, etc., AND APPELLEES DECLARED THAT IT WAS APPELLEES OBLIGATION TO PENAL IZE APPELLANT, AND VOWED NOTO PROVIDE APPELLANT THEIR SERVICES, i.e. MEDICAL CARE, SAFETY, RELIGIOUS PRACTICES, FOOD, WHAT FOLLOWED IS EACH APPELLEE FOLLOW ED UP THEIR THREATS WITH 1st, 8th, 14th AMENDMENTS, AND RLUIA VIOLATIONS; BRAGGING -N-BOASTING IN ADVANCE, AND FOLLOWING HAVING, AND EVEN WHILE CARRYING OUT THE ABUSES; AND SUPERISING DEFEND ENCOURAGING OTHER DEFENDANTS-N-OFTEN PAR-TICIPATING IN THE ALLEGED WRONGFUL CONDUCT. KNOWINGLY-N-INTENTIONALLY PLACING APPELLANT LIFE AT RISK, INTENTIONALLY TREATING APPELLANT DIFFERENT FROM OTHER INMATES, ESPECIALLY WHIE INMATES SIMILARLY SITUATED; ONCE APPELLANT BEGIN TO COMMUNICATE TO AUTHORITIES, FILE GRIEVANCES-N-LAWSUITS CONCERNING APPE-LEES VOWED TO PERSONALLY PENALIZE APPELLANT FOR NON MEDICAL-N-NON PENOLO-GICAL REASONS APPELLEES ALLEGED WRONGFUL CONDUCT IS TANTAMOUNT TO 1st, 8th, 14th AND RLUIPA VIOLATIONS 1.8 U.S.C. 13 § 247, AND 7/ P.S. 581 RELIGIOUS RIGHTS VIOLATIONS. APPELLEES ALLEGED ACTS ARE THE DENIAL OF BASIC HUMAN NEEDS, RETALIATIONS, CRUEL-N-UNUSUAL PUNISHMENT, FREE SPEECH, RLUIPA, EQUAL PROTECTION VIOLATIONS.
SEE Docs #76; 140; 141; ; 159; 163; 164; 160; 161

2

**4. Statement of related cases:** Have you filed an appeal or petition for review in this case before? If so, give title of case and docket number. WASHINGTON V. GILMORE 2:15-CV-103, ON OR NEAR 9.28.17

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number. NO

**5.** Did the district court or the agency incorrectly decide the facts of your case? YES If so, what facts? ① FAILURE TO CONSTRUE THE FACTS IN NON MOVANT FAVOR, i.e. APPELL-ANT ② WHEN APPELLEES WERE THE NON MOVANT, THE DISTRICT COURT CONSTRUED THE EVID-ENCE IN APPELLEES FAVOR (N.B. BOTH APPELLEES-N-APPELLANTS FILED A MOTION FOR SUMMARY JUDGMENT) ③ THROUGHOUT THE RULING THE DISTRICT COURT ABUSED ITS DISCRETIONS. ④ BE-GINNING WITH THE COMPLAINT ATTACHMENTS, DECLARATION, EXHIBITS #2-180; 58 ⑤ THE DISTRICT COURT DISREGARDED THIRD CIRCUIT RULINGS IN WASHINGTON V. KLEM 497 F.3d 277 (3d C. 2007) AND APPELLANT ALLEGATIONS OF BEING UNABLE TO PRACTICE HIS RELIGIOUS BELIEFS FORCED TO CHOOSE BETWEEN FOLLOWING THE PRECEPTS OF HIS RELIGION AND FORFEITING BEN-EFICTS OTHERWISE GENERALLY AVAILABLE TO OTHER INMATES VERUS ABANDONTING ONE OF THE PRECEPTS OF APPELLANTS RELIGION IN ORDER TO RECEIVE A BENEFIT OR GOVERNMENT PUTS SUBSTANTIAL PRESSURE ON APPELLANT TO SUBSTANTLY MODIFY HIS BEHAVIOR AND VIOLATE HIS RELIGIOUS BELIEFS (SEE AMENDED COMPLAINT) MAKING IT IMPOSSIBLE, CAUSING IT TO BE IMPOSSIBLE TO PRACTICE APPELLANT DAILY RELIGIOUS BELIEFS, DENIAL OF THE LEAST RESTRICTIVE MEANS. ⑥ N.B. AMONG THE LEGAL DOCUMENTS IS THE DNA OF DEFENDANT, J, M, SMITH WHICH WOULD BE EVIDENCE TO PROVE APPELLEE, J, M, SMITH ALLEGED SEXUAL ASSAULT AGAINST AP-PELLANT, ⑦ DENIAL OF ACCESS TO SICK CALL BY DISCARDING APPELLANT SICK CALL RE-QUEST ⑧ MORE THAN ONE OF APPELLANT HEALTH PROBLEMS APPELLANT WAS DENIED MEDICAL CARE FOR, ⑨ N.B. APPELLANT, TO DATE, CONTINUE TO EXPERIENCE HALLUCINTIONS DUE TO THE AFFECT OF SEXUAL-N-PHYSICAL ASSAULTS, ⑩ DISTRICT COURT IGNORED APPELLANT WAS ALLEGED TO HAVE BEEN PHYSICALLY ASSAULTED MORE THAN ONCE BY APPELLEES WHOM ARE COMMANDING OFFICER ⑪ THE HEALTH CARE ADMINISTRATOR WALKED AWAY AS APPELLANT EXPERIENCED HEART ATTACK SYMPTOMS, LEAVING APPELLANT ON THE FLOOR CRYING OUT FOR HELP, ⑫ APPELLEES DIS-REGARDED THE RISK EVEN THOUGH APPELLEES HAD ADVANCE KNOWLEDGE, ⑬ APPELLEES DO NOT SAY THEY DIDN'T COMMIT THE ALLEGED WRONGFUL CONDUCT TO PENALIZE APPELLANT, ⑭ APPELL-ANT DECLARATION WAS CONSIDERED NON FACTUAL ⑮ APPELLEES DENIALS WERE CON-SIDERED AS FACTS ⑯ APPELLEES ARE NOT SPECIALIST IN THE FIELD OF GASTROENTEROLOG-IST, ENT & ONTOLARYNGOLOGIST, CARDIOLOGIST, UROLOGIST, DERMATOLOGIST, PODIATRIST, PSY-CHOLOGIST, YET IN VIOLATION TO RULE 56 THE DISTRICT COURT ACCEPT APPELLEES TESTIMONY AS FACT WHEN APPELLANT EVIDENCE IN OPPOSITION WAS RULED AS NON FACTUAL ⑰ NO SIGNED DOCUMENT FROM SPECIALIST, ⑱ DENIAL OF ACCESS TO SPEC-IAL IST ⑲ APPELLEE PHYSICALLY ASSAULT APPELLANT WHILE ENROUTE TO GIVE PROPOSITION, AND RETURNING TO CELL, ⑳ DESTRUCTION OF APPELLANT outGOING LEGAL MAIL, ㉑ APPELL-

③-1

NO. 23-2277

ANT WEIGHT DOWN TO 142 lbs. (22), APPELLEES AND APPELLANT SIGNED A SETTLEMENT AGREEMENT, AND ONE OF THE DICTATES IS THAT APPELLEES PROVIDE APPELLANT A PROPERTY EXCHANGE OF RELIGIOUS-LITERATURE-N-LEGAL MATERIAL EVERY WEEK, AND EACH TIME APPELLEES DENY APPELLANT THIS WEEKLY EXCHANGE IT SIMULTANEOUSLY DENY APPELLANT SEVEN STRAIGHT DAYS OF WORSHIP, APPELLEES CHOSE TO ENFORCE THE MANDATES WHEN IT IS CONVENIENT, AND WITHHOLD COMPONENT WHEN APPELLEES WANTED TO PUNISH APPELLANT, SEE, WASHINGTON V. KLEM, SETTLEMENT AGREEMENT, N.B. A SETTLEMENT AGREEMENT IS A COURT ORDER, AND NOT SOMETHING APPELLEES CAN HONOR WHEN APPELLEES BELIEVE IT IS A NICE THING TO DO, AND/OR APPELLEES CAN ALTER OR DISREGARD. (23) IN ACCORDING TO APPELLEES OWN WORDS, THE REASON FOR COMMITTING WRONGFUL CONDUCT AGAINST APPELLANT IS TO PENALIZE APPELLANT FOR APPELLANT CONTINUOUS COMMUNICATIONS WITH AUTHORITIES, (24) DISTRICT COURT ABUSE OF DISCRETION BY WEIGHING THE EVIDENCE; (25) APPELLEES WAS ALLOWED TO SUBMIT INADMISSIBLE EVIDENCE, i.e. FRCP 56; FRE 104, 401-403, 601-603, 801, 802, 901 WHERE APPELLEES MADE ASSERTIONS; ALLEGATIONS- AND CLAIMS OF HAVING PROVIDED APPELLANT MEDICAL PROCEDURES THAT WAS NOT VERIFIED i.e. DATES, HOSPITAL/MEDICAL CENTER, NAME-N-SIGNATURE OF THE MEDICAL SPECIALIST WHO ALLEGELY PROFORMED THE MEDICAL PROCEDURE; YET APPELLANT BEGGED THE DISTRICT TO ORDER APPELLEES TO VERIFY THEIR CLAIM, APPELLANT WAS IGNORED (i.e. TWO MOTIONS FOR A PRODUCTION OF DOCUMENTS WHICH APPELLEE PROFESSED TO HAVE, YET THE DISTRICT COURT MADE CREDIBILITY DECISION CONCERNING APPELLANT EXHIBITS, AND DECLARATION

APPELLEES INADMISSIBLE EVIDENCE PLAYED A MAJOR ROLE IN THE DISTRICT COURT INCORRECTLY GRANTING APPELLEES SUMMARY JUDGMENT.

IT IS HIGHLY PROBABLE THAT APPELLEES GILMORE, T SHAWLEY, S.P. DURCO, P.E. BARKEFELT, A.J. MORRIS, C. WILLIAMS, S. CRABLE, T.S. OSWALD, J.M. SMITH, R. NELSON, L. COMER, T.I. BENNETT, R. HENDRICKS, J. CODDY J. HE SETER, D. FARRIER, M, STUMP, B. TAIT, J.D. SUHAN, IRMA VIHLIDAL; B, JIN, M. PARK, P. OASCANI, M. COMER, E. MATTES, ELON MWUARA KNEW PRIOR TO THE WRONGFUL CONDUCT THE THINGS EACH ALLEGED WERE FALSE, AND WITHOUT SUCH INADMISSIBLE EVIDENCE APPELLEES MOTION FOR SUMMARY JUDGMENT WOULD HAVE BEEN DENIED; AND APPELLANT MOTION FOR SUMMARY JUDGMENT PROBABLY WOULD OF BEEN GRANTED.

HAD NOT THE DISTRICT COURT ENGAGED IN WEIGHING THE EVIDENCE, MAKING CREDIBILITY DETERMINATIONS, MAKING CONCLUSION THAT A JURY SHOULD MAKE, ACCEPTED INADMISSIBLE HEARSAY EVIDENCE. . . . .

HAD THE DISTRICT COURT VIEWED THE EVIDENCE PRESENTED IN THE LIGHT MOST FAVORABLE TO THE NONMOVANT, THEN APPELLANT IN EACH INSTANCE MORE THAN ENOUGH EVIDENCE FOR A JURY TO RETURN A VERDICT IN APPELLANT FAVOR FOR 1st, 8th, 14th, RLUIPA; 18 U.S.C. 133 & 247; AND 71 P.S. 581 RELIGIOUS RIGHTS VIOLATIONS

**6.** Did the district court or the agency apply the wrong law (either cases or statutes)? YES
If so, what law do you want applied? N, B, ON OR NEAR 7, 27, 22, APPELLEES COMMAN-

DEERED ALL OF APPELLANT LEGAL MATERIAL. THIS IS NOT! LEGAL DOCUMENTS WHICH ARE CONSIDERED TO BE EVIDENCE TO AN ON-GOING CRIME, OR A PAST CRIME OR WRONG DOING, AMONG THE LEGAL DOCUMENTS WAS THE DNA OF DOC OFFICER J. M. SMITH, ONE OF APPELLEES. APPELLANT HAS DEMENTIA, AND WITHOUT APPELLANT LEGAL DOCUMENTS IN HAND IT IS HIGHLY IMPROBABLE THAT APPELLANT CAN PROVIDE THIS COURT WITH ACCURATE DATES, LOCATIONS VIOLATIONS, IN-VOLVEMENT, NAMES, DETAILED SPECIFICS, WITH THESE LEGAL DOCUMENTS IN HAND APPELL-ANT PROBABLY WOULD BE CAPABLE OF PROVIDING THIS COURT WITH A MORE ACCURATE IN-FORMATION; AND EVIDENCE THAT WOULD GIVE A NEAR 100% IDENTIFICATION OF APPELLEES J. M. SMITH AND PROVE APPELLEES, J. M. SMITH SEXUAL ASSAULT ON APPELLANT.

① TRAVILLION V. WETZEL, 765 FED APP 785, 791, 792 (3d C. DECEMBER 10, 2018); ANDER-SON V. LIBERTY LOBBY INC, 477 U.S. 242, 255 (1986) (IN CONSIDERING A MOTION FOR SUM-MARY JUDGMENT A DISTRICT COURT MAY NOT MAKE CREDIBILITY DETERMINATIONS or ENGAGE IN WEIGHING OF EVIDENCE);

② MATSUSHITA ELECTRIC INDUSTRIAL CO. V. ZENITH RADIO CORP; 475 U.S. 574, 596, 106 S. CT. 1348 (1986); HOWARD V. CITY OF PHILA, POLICE DEPT. 2022 U.S. DIST. LEXIS 100251 *13, 14 (3d C. JUNE 6, 2022) (EXAMINE THE EVIDENCE IN LIGHT MOST FAVOURABLE TO THE PARTY OPPOSING THE MOTION. ALSO CALL UPON US TO RESOLVE ALL GENUINE DISPUTES CON-CERNING THE ADMISSIBILITY OF SPECIFIC EVIDENCE IN FAVOR OF THE PARTY OPPOSING THE MOTION. THIS PRINCIPLE APPLIES WITH PARTICULAR FORCE TO FACTUAL DISPUT-ES WHICH RELATES TO MATTERS OF MOTIVES OR INTENT SINCE IT IS WELL SETTLED THAT THE MOTIVE OR ABSENCE OF MOTIVE OF A PARTY TO ENGAGE IN CONDUCT ALLEGED BY ANOTHER PARTY. TO A RELEVANT, TO DETERMINING WHETHER A GENUINE ISSUE OF FACT EXIST; TUCKER V. ROSE 955 F. SUPP. 810, 814 (N. O. OHIO 1997) (HOLDING THAT NOT MEET-ING THE RELEVANT ADMISSIBILITY STANDARD MAY BE CONSIDERED UNLESS THE OPPOS-ING PARTY AFFIRMATIVELY RAISED THE ISSUE OF THE DEFECT, THE BURDEN IS ON THE OPPOS-ING PARTY TO OBJECT AND FAILING TO DO SO CONSTITUTE WAIVER); BURNETT V. STAGNER HOTEL COURTS, INC. 821 F. SUPP. 678-683 N 2 (N. O. GA. 1993) (UN CERTIFIED OR OTHER-WISE INADMISSIBLE DOCUMENTS MAY BE CONSIDERED BY A COURT IN RULING ON MOTION FOR SUMMARY JUDGMENT IF THE DOCUMENTS ARE NOT CHALLENGED) CITING 10 A CHARLES ALAN WRIGHT, et al, FEDERAL PRACTICE AND PROCEDURE § 2722.

③ TOLAN V. COTTON, 572 U.S. 650, 656, 657 (2014) (DISTRICT COURT MUST ACCEPT AS TRUE THE NONMOVANT'S EVIDENCE, AND DRAW ALL REASONABLE INFERENCE FROM THE RECORD IN THE NON MOVANT FAVOR)

④ BIG APPLE BMW V. BMW OF NORTH AMERICA INC., 974 F. 2d 1358, 1363 (3d c. 1992) (WH-ERE THE NON MOVING PARTY EVIDENCE CONTRADICT THE MOVANT, THEN THE NON MOV-ANT MOVANT MUST BE TAKEN AS TRUE)

⑤ ANDERSON V. LIBERTY LOBBY INC. 477 U.S. 242, 249 (1986) (AT SUMMARY JUDGM-ENT STAGE'S FUNCTION IS NOT HIMSELF TO WEIGH THE EVIDENCE AND DETERMINE THE TRUTH OF THE MATTER, BUT DETERMINE WHETHER     THERE IS A GEN-UINE ISSUE FOR TRIAL)

⑥ PINSON V. UNITED STATES, 826 F. APPX 237 243, 244 (3d c. SEPTEMBER 9, 2020) (THE DISTRICT COURT ERRED BY IMPROPERLY WEIGHING THE EVIDENCE AND DISCREDITING DECLARATIONS)
ND, 23-2277

(4-1)

⑦. NGUIEN V. PA. DEPT. CORRECTION, 2022 U.S. DIST, LEXIS 45829 *7 (3d c, MARCH 15, 2023) (IT IS NOT THE ROLE OF THE COURT TO WEIGH THE DISPUTED EVIDENCE AND DECIDE WHICH IS MORE PROBATIVE, OR TO: MAKE CREDIBILITY DETERMINATIONS), KELLY V. CONNOR—CON—OIL, 2023 U.S. DIST. LEXIS 46062, *NOTE #9 (3d c. MARCH 20, 2023)

⑧ JOSEPH ABUANNO V, MAURICE, 790 FED APPX. 431, 435 (3d c, DECEMBER 10, 2018) (THE DISTRICT COURT ERRED BY IMPROPERLY WEIGHING THE EVIDENCE AND MAKING A CREDIBILITY DETERMINATION), MONTONE V. CITY OF JERSEY CITY, 709 F. 3d 181, 191 (3d CIR 2013) IN CONSIDERING A MOTION FOR SUMMARY JUDGMENT, A DISTRICT COURT MAY NOT MAKE CREDIBILITY DETERMINATIONS OR ENGAGE IN ANY WEIGHING OF THE EVIDENCE, INSTEAD THE NONMOVING PARTY'S EVIDENCE IS TO BE BELIEVED, AND ALL JUSTIFI-ABLE INFERENCES ARE TO BE DRAWN IN HIS FAVOR." WHETHER THE INCIDED OCCURRED IS A QUESTION OF MATERIAL FACT THAT SHOULD NOT HAVE DECIDED ON THIS RECORD)

⑨. PALADINO V. NEWSOME, 885 F. 3d 203, 209 (3d c. 2018) ("A DISTRICT COURT CAN NOT MAKE CREDIBILITY DETERMINATIONS AT SUMMARY JUDGMENT STAGE, INMATE'S SWORN DEPOSITION TESTIMONY EVEN THOUGH SELF SERVING CREATED A GENUINE ISSUE OF MATERIAL FACTS"), ROBINSON V. DANBERG, 673 FED APP 205, 211 (3d c. 2016) (ALLEGATIONS WAS BUTTRESS BY NOT ONLY HIS OWN DECLARATION)

⑩ JONES V. GILMORE, 2022 U.S. DIST, LEXIS 16911 *23 (3d c. JANUARY 31, 2022), BROOKS V. KYLER, 204 F.3d 102, 108, N.7 (3d c. 2000), PINSON 826 FED APPX AT 243 (AN AFFIDAVIT IS ABOUT THE BEST THAT CAN BE EXPECTED FROM A PRO SE PRISONER AT SUMMARY JUDGMENT PHASE OF THE PROCEEDING) N.B. APPELLANT IS A PRO SE LITIGANT

⑪. REEVES V. SANDERSON PLUMING PRODS INC. 530 U.S. 133, 150, 120 ST. 2097 (2000) (FAVOR OF NON MOVING PARTY)

⑫. CELOTEX CORP. V. CATRETT, 477 U.S. 317, 324 (1986) (ANY EVIDENCE USED TO SUPPORT A MOTION FOR SUMMARY JUDGMENT MUST BE ADMISSIBLE) FRCP 56; PIRL V. BIRLINE 2022 U.S. DIST. LEXIS 139661 *7 (3d c. AUGUST 5, 2022), HOWARD V. CITY OF PHILADELPHIA POLICE DEPT, 2022 U.S. DIST. LEXIS 1000251 *12 (3d c. JUNE 6, 2002), ROBINSON V. SOUTHERS, 2021 U.S. DIST, LEXIS 104076 *13 (3d c. JUNE 21, 2021) A PART ASSERTING THAT A FACT CANNOT BE OR GENUINELY DISPUTED MUST SUPPORT THE ASSERTION BY CITING TO PARTICULAR PARTS OF MATERIAL IN RECORD OR SHOWING THAT THE MATERIAL CITED DO NOT ESTABLISH THE ABSENSE OF A GENUINE DISPUTE OR PRESENCE OF A GENUINE DISPUTE OR THAT AN ADVERSE PARTY CANNOT PRODUCE ADMISSIBLE EVIDENCE TO SUPPORT THE FACTS, FRCP 56(C)(1)(A)(B) IN EVALUATING WHETHER SUMMARY JUDGMENT SHOULD BE GRANTED, THE COURT NEED CONSIDER ONLY CITED MATERIALS, BUT MAY CONSIDER THE OTHER MATERIAL IN THE RECORD, FRCP 56(C)(4) ALTHOUGH EVIDENCE MAY BE CONSIDERED IN A FORM IS IN ADMISSIBLE AT TRIAL, THAT THE CONTENT OF THE EVIDENCE MUST NO 23-2277 (4-20)

BE CAPABLE OF ADMISSION AT TRIAL" *BENDER V. NORFOLKS S. CORP.*, 994 SUPP. 2d 593, 599 (3d c. 2014); *PAMINTUAN V NANTICOKE MEMORIAL HOSPITAL* 192 F.3d 378, 387 N.13(3d c. 1999)(THAT IT IS IMPROPER ON SUMMARY JUDGMENT TO CONSIDER "EVIDENCE THAT IS NOT ADMISSIBLE AT TRIAL)

(13). HOWARD V. *CITY OF PHILA POLICE DEPT.*, 2022 U.S. DIST. LEXIS 100351 *13;14 (d c. JUNE 6, 2022); *BERNICK V. LEFEBVRE* 684 FE APPX 200,206 (3d c. MARCH 16, 2017) (WERE NOT BASED UPON PERSON KNOWLEDGE) FRCP 56; FRE 803

(14). UNITED STATES V. TOTORO, 2017 U.S. DIST. LEXIS 117371 *19;20 (3d c. JULY 30, 2017)(TO BE ADMISSIBLE AT TRIAL, EVIDENCE "MUST" BE AUTHENTIC, TO SATISFY THE REQUIRE-MENT OF AUTHENTICATION OR IDENTIFY AN ITEM OF EVIDENCE, THE PROPONENT "MUST PRODUCE EVIDENCE SUFFICIENT TO SUPPORT A FINDING OF THE ITEM IS WHAT IT CLAIM TO BE, FRE 901; "BUT ALSO APPEARANCE, CONTENTS, SUBSTANCE, INTER-NAL PATTERN OR SYSTEM, AND SHOWING THAT IT PRODUCED AN ACCURATE RESULT. FRE 901(B)(9). WHAT FOLLOWS IS NOW EXHAUSIVE LIST OF APPROPRIATE METHOD OF AUTHENTICATION INCLUDING NOT ONLY "TESTIMONY" THAT AN ITEM IS WHAT IT CLAIM TO BE FRE 901(B)(4). UNITED STATES V. BROWNE, 834 F.3d 403,408, 65 V.I. 425(3d c. 2016); (DOCUMENTS SUBSTITUTED AS EVIDENCE WHEN THE RULES, FRCP 56; FRE 104; 401-403;-601-603; 901; 803; 901; ARE ENFORCED ARE NOT ADMISSIBLE, AND SHOULD NOT BE CONSIDERED FOR SUMMARY JUDGMENT

(15). QUESTIONS OF AUTHENTICATION ARE MATTERS OF CONDITIONAL RELEVANCE UND-ER FRE 104(B), UNITED STATES V. BROWNE, 834 F.3d 403; 409(3d c. 2016) PROVIDES THAT WHEN RELEVANCE DEPEND ON WHETHER A FACT DOES EXIST.

(16). UNITED STATE V. BERGRIN, 682 F.3d 361, 278 (3d c. MARCH 29, 2012) AT TRIAL THE RELVANCE OF APPELLEES, "EXHIBITS; APPELLANT STATE MENT OF FACTS, DOCS "76; 140; 141; 159-161; 163; 164

(17). HILBURN V. STATE DEPT. OF CORR. 2012 U.S. DIST. LEXIS 106536 *49; 50(3d c. JULY 31, 2016)(IRRELEVANT EVIDENCE IS INADMISSIBLE, FRE 402. EVIDENCE THAT IS RELEVANT MAY STILL BE EXCLUDED "IF ITS PROBATIVE VAULE IS SUBSTANTIAL-LY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUE, OR MISLEAD THE JURY, OR CONSIDERATION, UNDUE DELAY, WASTE OF TIME OR ENDLESS PRESENTATIONS OF CUMULATIVE EVIDENCE. FRE 403. HEARSAY EVIDENCE IS NOT OR-DINARILY ADMISSIBLE EVEN WHEN RELEVANT, FRE 801 (C) DEFINES HEARSAY AS A STATEMENT, OTHER THAN ONE MADE BY THE DECLARANT WHILE TESTIFYING AT TRIAL OR HEARING, OFFERED EVIDENCE TO PROVE THAT THE TRUTH OF THE MATTER ASSERTED"

(18). PIR V. RINGLING, 2022 U.S. DIST. LEXIS 139661 *7 (3d c. AUGUST 5, 2022); WARE V. PERDUE; 2018 U.S. DIST. LEXIS 31574* (3d c. 2018); NJOS V. UNITED STATES 2017 U.S. DIST. LEXIS 172460*2(3d c. 2017); GOODMAN V. PA. TAK COMMN, 293 F.3d 655, 666 (3d c. 2002); ROSSVILLE SALVAGE CORP. V. S.E GRAHAM CO., 319 F.3d 392, 396, N*5 (3d c. 1963)(TWO BASIC REASONS FOR FOR EXCLUSING HEARSAY, i.e CROSS EXAMIN-ATION; A JURY WILL HEAR ITS SUBSTANCE); GOODMAN, F. 3d AT 667

(19). WHITE V. UNITED STATES, 2021 U.S. DIST 149859 *7(3d c. 2021); THIMONS V. PNC BANK N.A., 254 F. APP 896, 899 (3d c. 2007) (ONE CANNOT CREATE AN ISSUE OF
(4-3)

FACT MERELY BY DENYING AVERMENTS WITHOUT PRODUCING ANY SUPPORTING EVIDENCE OF DENIAL)

(20) WELLS V. FRANZEN, 777 F.2d 1258, 1262 (3d CR NOVEMBER 26, 1985) (IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT APPELLEES SUBMITTED DECLARATIONS, NOTES, SELECTED EXCERPTS OF MEDICAL RECORDS, i.e. EXHIBITS. THESE MAKE CLAIMS OF SURGERY REFUSAL, TEST, etc, THAT NEVER TOOK PLACE, NO SIGNATURE, APPELLEES SIGNATURE CONCERNING PROFESSIONAL ACTS APPELLEES DO NOT HAVE SKILLS OR KNOW HOW TO GIVE AN AUTHORITATIVE OPINION PER FRCP 56 (E) AND SHOULD NOT BE CONSIDERED

(21) COUSAR V. MORGAN, 2022 U.S. DIST. LEXIS 40539 *26 (3d c. MARCH 8, 2022) (THERE IS A "NOTABLE BAR" FOR EVIDENCE TO BE "FABRICATED", EVIDENCE THAT IS INCORRECT OR SIMPLY DISPUTED SHOULD BE TREATED AS FABRICATED MERELY BECAUSE IT TURNS TO HAVE BEEN WRONG". PLAINTIFF MUST ALLEGE FACTS SUGGESTING THAT THE PROPONENTS OF THE EVIDENCE ARE AWARE THAT THE EVIDENCE IS INCORRECT IS OFFERED IN BAD FAITH") MR LACK V. CAL UNIVERSITY OF PA. 2019 U.S. DIST. LEXIS 6930 *28 (3) c. APRIL 24, 2019) (TO MAKE OUT A CLAIM FOR FABRICATION OR EVIDENCE, A PLAINTIFF MUST SHOW "A REASONABLE LIKELIHOOD THAT WITHOUT THE USE OF THAT EVIDENCE, THE DEFENDANT WOULD NOT HAVE BEEN CONVICTED) PASSIM IN DOCS #78, 79, 92-95, 144-150, 156, 162, 163; C.F. 76; 159-161.

(22) STANLEY TAYLOR V. KAREN BAKERS, 575 U.S. 872 135 S. CT 2042; 2045 (JUNE 1, 2015); ASHCROFT V. AL-KIDD, 563 U.S. 731, 743, 1313 CT 2074 (2011) (KNOWINGLY VIOLATE THE LAW) THomas V. CITY OF PHILA, 2019 U.S. DIST. LEXIS 144928 *31 (3d c. AUGUST 23, 2019) (① AWARE THAT IT WAS INCORRECT OR THAT THE EVIDENCE WAS OFFERED IN BAD FAITH ② SO SIGNIFICANT THAT IT COULD HAVE AFFECTED THE OUTCOME) BLACK V. MONTGOMERY COUNTY, 835 F. 3d 358, 372 (3d c. JUNE 8, 2016) (BAD FAITH i.e. Docs# 144-150 PASSIM

(23) MCLEE V. BROWN, 2021 U.S. DIST. LEXIS 31969 *47, 48 (3d c. FEBRUARY 19, 2021) (LEGAL MALICE IN THE CONTEXT OF A CLAIM FOR MALICIOUS PROSECUTION MAY BE FOUND WHERE DEFENDANTS MOTIVATED BY HATRED OR ILL WILL OR WHERE HIS ACTION EVIDENCE A RECKLESS AND OPPRESSIVE DISREGARD OF PLAINTIFF RIGHTS) DOHERTY V. HAVERFORD TWP, 513 F.Supp 2d 399, 409 (3d c. 2007) e.g. APPELLANT FILED A MOTION FOR SUMMARY JUDGMENT WHICH MEANS APPELLEES SUBMITTED EXHIBITS, DECLARATIONS AND SOME OF THEIR SUPPORTING DOCUMENTS FAIL TO PROVE A GENUINE ISSUE OF MATERIAL FACT: AND AS THE NON MOVANT APPELLEES MUST DO MORE THAN DENY, OR REST ON THEIR PLEADINGS, OR ASSERTION, OR ALLEGATION. N.B. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN APPELLANT CHALLANGED APPELLEES DENIALS, ASSERTIONS-N-ALLEGATIONS BY REQUESTING THAT THE COURT ORDER APPELLEES SUPPORT-N-VERIFY THESE CLAIMS WITH VERIFICATION OF SPECIALISTS, AND/OR SOMEONE WITH CREDENTIALS TO GIVE AN AUTHORITATIVE OPINION ON THE CLAIM ASSERTED, TO DATE! APPELLEES HAVE FAILED TO DO SO, APPELLANT REQUEST WAS IGNORED, AND THE DISTRICT COURT AWARDED APPELLEES SUMMARY JUDGMENT, 'NOT ENFORCING THE FRE 104, '401-403 '601-603 '801, '802 '90'; FRCP, 56; IS PARAMOUNT TO APPELLEES BEING GRANTED SUMMARY JUDGMENT; WITHOUT THE INFORMATION THAT WOULD NOT HAD BEEN ADMISSIBLE IT IS HIGH (4-4) LY UNLIKELY THAT APPELLANT MOT-

No. 23-2277

ION FOR SUMMARY JUDGMENT WOULD HAVE BEEN GRANTED, AND/OR APPELLEE MOTION PROBABLY WOULD HAVE BEEN DENIED.

(24). SCHLUP V. DELCO, 513 U.S. 331, 332, 115 S. CT. 851, 859 (1996) (AT SUMMARY JUDGMENT STAGE THE JUDGE'S FUNCTION IS NOT HIMSELF TO WEIGH THE EVIDENCE AND DETERMINE THE TRUTH OF THE MATTER, BUT TO DETERMINE WHETHER THERE IS A GENUINE IS-SUE FOR TRIAL, INSTEAD A COURT MAY CONSIDER HOW THE TIMING OF THE SUBMISSION AND LIKELY CREDIBILITY OF THE EVIDENCE)

(25). VARNER V. JIN, 2014 U.S. DIST. LEXIS 7526 *3 (3d C. 2014); HOUSER V. FOLINO, 2014 U.S. DIST 101095 *52 (3d C. JUNE 24, 2014); PEARSON V. PRISON HEALTH SERVICES, 519 FED APPX 78, 84 (3d C. MARCH 11, 2013) (NUMBER OF ENTRIES IN MEDICAL RECORD DOES NOT NECESSARY DEMONSTRATE THAT HE RECEIVED CONSTITUTIONALLY ADEQUATE CARE)

(26). DRUMMER V. O'CARROL, 991 F. 2d 64, 68 (3d C. 1993) (DIAGNOSIS IS NOT EQUIVAL-ENT TO TREATMENT) SEE Doc$ #78; 79, 92-95; 159-161

(27). ESTELLE V. GAMBLE, 429 US. 97, 104 (1976) (UNDER 8th AMENDMENT PRISON OFFI-CIALS ARE PROHIBITED FROM EXHIBITING DELIBERATE INDIFFERENCE TO SERIOUS MED-ICAL NEEDS OF INMATES) Doc$ #76; 159-161

(28). PEARSON V. PRISON HEALTH SERVICES, 850 F. 3d AT 534, 537; 538: DRUMMER, 991 F. 2d 64 68; LANZARO, 834 F. 2d AT 347; ROUSE V. PLANTER, 182 F. 3d 192, 197 (3d C. 1999) (PLAINTIF MUST ALLEGE (1) SERIOUS MEDICAL NEEDS AND (2) ACTS OR OMISSIONS BY PRISON OFFICIALS THAT INDICATE DELIBERATE INDIFFERENCE TO THAT NEED, (3) NECESSARY MEDICAL TR-EATMENT IS DELAYED OR DENIED FOR NON MEDICAL REASONS, (4) PRISON AUTHORITIES PREVENTED AN INMATE FROM RECEIVING RECOMMENDED TREATMENT FOR SERIOUS MED-ICAL NEEDS), Doc #76. 159-161

(29). DIAZ-CRUZ V. SYMONS, 2016 W.L. 6248025 *16 (M. D. OCTOBER 26, 2016) (DE-NIAL OF MEDICAL CARE CAN CONSTITUTE AN ADVERSE ACTION FOR THE PURPOSE OF A RETALIATION CLAIM); CARLESSA V. CITY OF CHESTER, 2005 W.L. 278 9178 *7 (3d C. OCT-OBER 26, 2005) (DENYING MOTION TO DISMISS RETALIATION CLAIMS WHERE PLAINT-IFF ALLEGED HE WAS DENIED ADEQUATE MEDICAL ASSISTANCE BY PRISON OFFICIALS IN RETALIATION FOR ATTEMPTING TO FILE GRIEVANCES); HUGHES V. SMITH, 2005 W.L. 435126 *4 (3d C. FEBRUARY 24, 2005)

(30). TAJI JEMAL LEE V. CORIZON HEALTH, INC. 2020 U.S. DIST, LEXIS 6525 *22 (3d C 2020) (ORDERED HIM TO LEAVE WITHOUT TOUCHING OR OBSERVING HIM)

(31). FARMER V. BRENNAN, 511 U.S. 825, 832 (1994) (DUTY OF HUMANE PRISON); WHIT-NEY V. ALBERS, 475 U.S. 312, 319 (1986) (UNNECESSARY AND WANTON INFLICTION OF PAIN CONSTITUTES CRUEL-N-UNUSUAL PUNISHMENT FOR BIDDEN BY 8th AMENDMENT)

(32). APPELLANT ALLEGED THAT APPELLEES WERE OF CULPABLE MIND AND ACTED WITH DELIBERATE INDIFFERENCE TO APPELLANT'S HEALTH PROBLEMS, DISREGARDED THE RISK. FARMER, 511 U.S. AT 834; WILSON 501 US. AT 298; ROUSE, 182 F. 3d AT 197 (DELAY OR DENY MEDICAL CARE FOR NON MEDICAL REASONS) MOCKED, IGNORED THE RISK, PERSON, 850 F. 3d AT 538 (DENIAL OF REASONABLE REQUEST FOR MEDI-CAL CARE, INTENTIONALLY REFUSED TO PROVIDE CARE, DELAYED FOR NON MEDICAL REA-SONS) DENIAL OF REASONABLE SICK (4 -5) CALL REQUEST

No. 23-2277

(33). SPRU ILL V. GILLIS, 372 F. 3d 218, 236 (3d c, 2004) (ABSENT A REASON TO BELIEVE OR ACTUAL KNOWLEDGE THAT PRISON DOCTORS OR THEIR ASSISTANTS ARE MISTREATING OR NOT TREATING A PRISONER); ROBERTS V. TRETENICK, 2014 WL 4218249 *3,4 (W. D. PA. 2014) BILES V. MEDICAL CONTRACTORS, CMS, 723 F. SUPP. 2d 710, 717 (P. DEL 2010) (DOES NOT MANDATE THAT NON MEDICAL DEFENDANT WILL GENERALLY JUSTIFIED, NOR 'AUTO MATICALLY' OR 'MUST' BE JUSTIFIED, IN THIS INSTANCE THE NON MEDICAL APPELLEES KNEW, AND mock ED APPELLANT)

(34). APPELLANT ALLEGED APPELLEES DENIED APPELLANT MINIMAL CIVILIZED MEA SURES OF LIFE'S NECESSITIES RHODES V CHAPMAN 452 U.S. 337, 347, 101 S, CT 2392 (1981); WILSON V. SEITER, 501 U.S. 294, 298 (1991); DOCKERY V. BEARD, 509 FED APP'X 107, 112 (3d c. 2013) (EXTREME DEPRIVATIONS ARE SUFFICIENT TO PRESENT A CLAIM FOR UN CONSTITUTIONAL CONDITIONS OF CONFINEMENT)

(35). AGOSTO V. INS. 436 U.S. 748, 756, 98 S. CT. 2001 (A DISTRICT COURT GENERALLY CAN NOT GRANT SUMMARY JUDGMENT BASED ON ITS ASSESSMENT OF CREDIBILITY OF THE EV DENCE PRESENTED); A. M. V. LUZERNE COUNTY JUVENILE, DET. CTR, 372 F. 3d 572, 581 (3d c. APRIL 16 2004) (TO PREVENT THE GRANT OF SUMMARY JUDGMENT THAT A JURY SHOULD MAKE THE ULTIMATE DETERMINATION AS TO THE VIOLATION OF THE ALLEGED POLICIES AND CUSTOMS); PETERSON V. LEHIGH VALLEY DIST. COUNCIL, 676 F. 2d 81, 84 (3d c. 1982) (SUMMARY JUDGMENT SHALL NOT BE GRANTED WHEN THERE IS A DISAGREEMENT ABOUT THE FACTS OR PROPER INFERENCES THAT A FACT FINDER COULD DRAW FROM THEM)

(36). MARINO V. INDUS. CRAFTING CO. 358 F. 3d 241, 247 (3d c, 2004) (IN CONSIDERING A MOTION FOR SUMMARY JUDGMENT, A DISTRICT COURT MAY NOT! MAKE CREDIBIL ITES DETERMINATIONS OR ENGAGE IN ANY WEIGHING OF THE EVIDENCE; INSTEAD THE NON MOVING PARTY EVIDENCE IS TO BE BELIEVED, AND ALL JUSTIFIABLE INFERENCES ARE DRAWN IN HIS FAVOR AT THE SUMMARY JUDGMENT STAGE APPELLANT SWORN TESTI MONY, STANDING ALONE, WAS SUFFICIENT TO ESTABLISH GENUINE ISSUES OF MATERIAL FACTS AS TO WHETHER THE UNITED STATES ACTED NEGLIGENT IN ALLOWING, OR FAILING TO PREVENT PRISONER FROM HAVING ACCESS TO A RAZOR)

(37). BALOGA V. PISTTION AREA SCHOOL DISTRICT, 927 F.3d 742, 753 (3d c. 2019) (THE COURTS RoLE); SANTINI V. FUENTES, 795 F.3d 410, 416 (3d c. 2015) (JUDGE'S DUTY) THE DIST RICT COURT IMPROPERLY MADE DECISIONS-N-CONCLUSIONS WHICH A JURY SHOULD MAKE MAZZA V. GEORGE YELLAND, INC. 161 F. SUPP. 2d 376 (3d c. SEPTEMBER 5, 2001); AB RAHAM V. RASO, 183 F.3d 279, 287 (3d c. MARCH 23, 1999) (THE JUBGE'S FUNCTION IS NOT HIMSELF TO WEIGH THE EVIDENCE; AND DETERMINE WHETHER THERE IS A GENUINE IS SUE FOR TRIAL

(38). RANDOLPH V. WETZEL 764 FED APPX 240. 245 (3d c. FEBRUARY 25, 2019); JUTROWSKI V. TWP OF RIVER DALE, 904 F. 3d 280, 292 (3d c. 2018) (SPOLIATION INFERENCES REQUIR ES, AMONG OTHER THINGS ACTUAL SUPPRESSION OR WITHHOLDING EVIDENCE); BULL V. UNIT ED STATES PARCEL SERVICES, INC. 665 F. 3d 68, 73 (3d c. 2012) (A FINDING OF BAD FAI TH IS PIVOTAL TO A SPOLIATION DETERMINATION)

(39). FANTONE V. LATINI, 780 F. 3d 184, 191 (3d c. 2013); RAUSER V. HORN, 241 F.3d 330, 333 (3d c. 2000) (ALLEGED THAT PLAINTIFF (4-6) SUFFERED ADVERSE ACTION BY PRISON

NO. 23-2277

OFFICIALS' SUFFICIENT TO DETER A PERSON OF ORDINARY FIRMNESS FROM EXERCISING HIS CONSTITUTIONAL RIGHTS")

40. JONES V. MoKoY, 2019 U.S. DIST LEXIS 31770 *2:26 (3d c. (FEBRUARY 26,2019) (TO STATE A CLAIM FOR CONSPIRACY UNDER 42 U.S.C. 1983  PLAINTIFF MUST ALLEGE THAT THE PERSON ACTING UNDER THE COLOR OF LAW CONSPIRED TO DEPRIVE PLAINTIFF OF A FEDERALLY PROTECTED RIGHT); TALLEY V. VARNER, 2018 U.S. DIST. LEXIS 208729 *21:22 (3d c. 2018) (1) ALLEGATION THAT ADDRESS THE PERIOD OF THE CONSPIRACY (2) OBJECT OF THE CONSPIRACY (3) THE CERTAIN ACTIONS ALLEGED CONSPIRATOR TAKEN TO ACHEIVE THAT PURPOSE); SHERBIN V. E.F. HUTTON GRP. INC., 885 F.2d 1162, 1163 (3d c. 1989) (PLAINTIFF ALLEGED DEFFDANT CONDUCT (2) THE ALLEGED OBJECTIVE OF THE CONSPIRRACY WAS TO PENALIZE PLAINTFF; (3) DEFENDANTS DENIED PLAINTIFF MEDICAL CARE, EQUAL PROTECTION, RLUIPA RIGHTS, FREE SPEECH; ACCESS TO COURT; RELIGIOUS PRACTICE, COMMITTED TO PENALIZE PLAINTFF FOR NON PENOLOGICAL-N-NON MEDICAL REASONS, CAPO CROSS V. SUPREME CT. OF N.J., 588 F.3d 180, 184(3d c. 2009); YOUNG V. KANN, 936 F.2d 1396; 1405 N.16 (3d c. 1991); RIDGEWOOL BOARD OF EDUCATION V. N.E. EX REL. M.E., 172 F.3d 238, 254 (3d c. 1999) (A CIVIL RIGHTS OF CONSPIRACY MUST SHOW A UNDERSTANDING OR A "MEETING OF THE MINDS" WITH FACTS OF MONSTRATING AGREEMENT AND CONCERTED ACTION) STARTZELL V. CITY OF PHILA., 533 F.3d 183; 205 (3d CR. FEBRUARY 11, 2008) (IF THERE IS A DIRECT EVIDENCE, AN AGREEMENT OR MEETING OF THE MINDS, MAY BE ESTABLISH BY CIRCUMSTANTIAL EVIDENCE, SUCH AS BY IDENTIFYING INTER ACTION BETWEEN THE CONSPIRATORS, THE APPROXIMATE TIMING OF THE AGREEMENT THE PARTIES IN A GREEMENT, AND THE PERIOD OR THE OBJECT OF CONSPIRACY)

41.) HOLT V. HOBBS, 574 U.S. 352, 357; 135 S.CT. 853, 862 (2015) (INSTITUTIONALIZE PESONS RELIGION STANDARD OF PROOF: THE LEAST RESTRICTIVE MEANS. STANDARDS OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000; 42 U.S.C. 2000'; WASHINGTON V. KLEM, 497 F.3d 272, 273 (3d c. AUGUST 2, 2007) (DOC POLICY WAS NOT THE LEAST RESTRICTED MEANS FOR ACHIEVING SAFETY-N-HEALTH INTEREST)

42.) THE DISTRICT COURT MIS APPREHENDED THE THIRD CIRCUIT RULING, OR DIS REGADED THE RULINGS OF WASHINGTON V. KLEM, 497 F.3d 272, 273; 274 (3d c. 2007) (DOC POLICY WAS NOT THE LEAST RESTRICTIVE MEANS) WHICH GAVE BIRTH TO THE WASHINGTON V. KLEM "SETTLEMENT AGREEMENT", WHICH DICTATES THAT APPELLEES PROVIDE APPELLANT WITH A RELIGIOUS-N-LEGAL PROPERTY EXCHANGE "EVERY WEEK" WILSON V. WETZEL, 2017 U.S. DIST. LEXIS 9011 *10 (3d c. JANUARY 23, 2017) (SUBSTANTIAL BURDEN ); RICHARDSON V. MURRY, 2022 U.S. DIST. LEXIS 137612 *12 (3d C. AUGUST 2, 2022) (THE GOVERNMENT HAS NOT SHOWN IT HAD A COMPELLING INTEREST IN THIS MATTER OR THAT IT TOOK THE LEAST RESTRICTIVE METHOD IN ATTENDING TO HIS STATED INTEREST), WATSON V. CHRISIO, 837 F. APPX 877 NOTE #8, 381 (3d c, SEPTEMBER 9, 2020); WASHINGTON 497 F.3d 272, 284; 256 (PARTIAL ACCOMODATION OF A RELIGIOUS REQUEST THAT DOES NOT FULFILL A PRISONER'S FULLY ACCOMODATE THE RELIGIOUS PRACTICE, IN FACT, WE HAVE HELD THAT A PRACTICAL ACCOMODATION OF RELIGIOUS REQUEST THAT DOES NOT FULFILL A PRISONER'S RELIGIOUS OBLIGATION IS INSUFFICIENT) WASHINGTON 497 F.3d AT 272; 280 (PRESSURE ON AN AHERENT TO SUBSTANTLY MODIFY HIS BEHAVIOR AND TO VIOLATE HIS BELIEFS FORCED TO (4-7) CHOOSE FOLLOWING THE PRECEPTS OF

No. 23-227

(HIS RELIGION AND FORFIET BENEFITS GENERALLY AVAILABLE).
(43), THE DISTRICT COURT ERROR CREATES A CONFLICT WITH THE THIRD CIRCUIT COURT OF AP
PEALS PRECEDENTAL RULINGS IN WASHINGTON V. KLEM, 497 F.3d 272 (3d C. 2007).
THE DISTRICT COURT RULING GRANTING APPELLEES SUMMARY JUDGMENT IS TANTAM-
OUNT TO A REVERSAL OF THE THIRD CIRCUIT RULING. THIS ERROR CAN ONLY BE CORR-
ECTED BY THE THIRD CIRCUIT COURT OF APPEALS AFFIRMING ITS RULING IN WASH-
INGTON V. KLEM, 497 F.3d 272 (3d C. 2007), WHICH TO SECURE, AND MAINTAIN THE UNI
FORMITY OF THIRD CIRCUIT COURT OF APPEALS DECISION, AND SUPREME. HOLT V. HOBB
574 U.S. 352, 357, S. CT. 853, 862 (2015). (WHETHER THE GOVERNMENT HAS SUBSTANTIALLY BUR
DEN APPELLANT RELIGIOUS PRACTICE), WILSON 2017 U.S. DIST. LEXIS 9011*70; WASHINGTO
497 F.3d AT 280 (SUBSTANTIAL BURDEN IS ONE WHERE①. A PRISONER IS FORCED TO CHOSE
BETWEEN FOLLOWING THE PRECEPTS OF A RELIGION AND FORFEITING BENEFITS OTHER
WISE GENERALLY AVAILABLE TO OTHER INMATES VERSUS ABANDONING A PRECEPTS OF
HIS RELIGION IN ORDER TO RECEIVE A BENEFIT, THE GOVERNMENT PUTS SUBSTANTIAL PRE
SSURE ON AN AHERENT, TO SUBSTANTIAL MODIFY HIS BEHAVIOR AND TO VIOLATE HIS BELIEFS
WASHINGTON, 497 F.3d AT 277-278; MARSHALL V. CORBETT, 2019 U.S. DIST. LEXIS 134520*
33-35 (3d C. AUGUST 8, 2019)
(44) STIP V. CANTINO, 613 F.3d 405, 409 (3d C. 2010) (IRREPARABLE INJURY: THE LOSS FIRST
AMENDMENT FREEDOM FOR EVEN A MINIMAL PERIOD OF TIME, UNQUESTIONABLY CON
STITUTES IRREPARABLY INJURY) ELROD V. BURNS, 427 U.S. 347, 373, 96 S. CT 2673 (1976);
(THIS PRINCIPLE APPLIES WITH EQUAL FORCE TO THE VIOLATION OF RLUIPA RIGHTS BECA-
USE RLUIPA ENFORCES FIRST AMENDMENT FREEDOM AND THE STATUTE REQUIRES COURTS TO
CONSTRUE BROADLY TO PROTECT RELIGIOUS EXERCISE). OPULENT LIFE CHURCH V. CITY
OF HOLLY SPRINGS MISS., 697 F.3d 279, 295 (5th CR. 2012)
RLUIPA PROVIDES GREATER PROTECTION FOR RELIGIOUS EXERCISE THAN IS AVAILABLE UN
DER THE FIRST AMENDMENT. HOLT, 574 U.S. AT 357; BURWELL V. HOBBY LOBBY STORES IN
573 U.S. 684, 692-696; 134 S. CT. 2751 (2014) (VIOLATIONS RFRA RIGHTS CONSTITUTES IRRE
ARABLE HARM. UNDER SUPREME COURT. HOLDING IN ELROD) KORTE V. SEBLIUS, 518
F. APPX 583, 588 (7th C. 2013) (PLAINTIFF HAS THEREFORE ESTABLISHED IRREPARABLE INJURY
BECAUSE HAS SHOWN THAT THE PRISON POLICY BANNING NATION OF ISLAM FEZZES
VIOLATES RIGHTS UNDER THE FIRST: AMENDMENT AND RLUIPA FEELS AS THOUGH HE IS BE-
ING CHASTISED BY GOD WHEN HE DOESN'T PRACTICE HIS FAITH AS DICTATED BY THE NATION';
TROUBLE SLEEPING AND EATING BECAUSE OF THE LIMITS OF HIS RELIGIOUS PRACTICE, WITH
OUT A FEZ, MARSHALL FEELS THAT HE IS ALWAYS BEING ATTACKED BY EVIL SUGGEST-
IONS AND SPIRITS AND FEELS HE HAS A BLACK CLOUD OVER HIM"), TENAFLY ERU ABSN
V BOROUGH OF TENAFLY 309 F.3d 144, 178 (3d C. 2002) (LIMITATIONS ON FREE EXERC-
ISE OF RELIGION INFLICT IRREPARABLE INJURY); JOLLY V. COUGHLIN, 76 F. 3d 468,
482 (2nd C. 1996)(VIOLATION OF A STATUTORY RIGHT OF CONSTITUTIONALLY PROTECTED FREE
SPEECH TO AVOID SUBSTANTIAL BURDEN ON RELIGIOUS EXERCISE CONSTITUTES IR-
REPARABLE HARM)
(45), N.B, IN LIGHT OF THE FACT THAT APPELLEES ON OR NEAR 7, 24, 22 COMMANDEER APPE
LANT LEGAL DOCUMENTS PERTAINING TO (4-8) THE INSTANT LEGAL ACTION
NO. 23-1277

WHEN IT IS ALSO CONSIDERED THAT APPELLANT HAS DEMENTIA, WHICH MAKES IT NEAR IMPOSSI-BLE FOR APPELLANT TO PROVIDE DETAILS, THEN-N-AFTER APPELLANT WILL CITE NAMES OF APPELLEES AND ATTEMPT TO REFERENCE EACH APPELLEE WITH ABOVE CASE LAW.

(46), SEE EXH C, PP 11-12; 77; 79; Docs 5; 58; 76; EXH: C PP 32; 40; 45; 56; 57

   APPELLEE, ROBERT GILMORE, PERSONAL INVOLVEMENT IN RETALIATION, AND DENIAL OF ACCESS TO COURT, RLUIPA, MEDICAL CARE, AND EQUAL PROTECTION, RELIGIOUS PRCT. SEE ABOUE AT 31-33; 39-45; 47; 38; 75; 78

(47) LEWIS V. CASEY 518 U.S. 343, 351, 116 S.CT. 2174 (1996); HEATH V. LINK 787 APPX 133; 136 (AUGUST 29, 2019) (DENIAL OF ACCESS TO COURT)



APPELLEES, R. GILMORE; TRACY SHAWLEY. S.P. DURCO; P.E. BARKEFELT; A.J. MORRIS; C. WILL-IAMS; G. TAIT; 8. CRABLE; J.M. SMITH· R. NELSON; T.S. OSWALD; L. COMER; T.I. BENNETT; R. HENDRICKS; J. CODDY·J, HEBETER; D. FARRIER· M. STUMP; J.D. SUHAN; IRMA VIHLIDAL; B. JIN; M. PARK; P. DASCANI; M. COMER; E. MATTES; E. MWUARA; P. DENNISON, INDIVIDUALLY-N-ACTED IN CONCERT TO VIOLATE APPELLANT 1st, 8th, 14th RLUIPA, RIGHTS; 18 U.S.C, 13§§247; 71 P.S. 58) RELIGIOUS RIGHTS;

(48). APPELLEE, T. SHAWLEY, PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF MEDICAL CARE, ACCESS TO COURT, RLUIPA MEDICAL CARE, EQUAL PROTECTION: RELIGIOUS PRACT-ICE, SEE ABOUE AT 31-33, 39-45; 47; 75; 78

(49), APPELLEE, S.P. DURCO, PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION, RELIGIOUS PRACTICE, RLUIPA, ACCESS TO COURT SEE ABOUE AT 31-33; 39-45; 47; 38; 75; 78

(50) APPELLEE, P.E. BARKEFELT; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BA-SIC HUMAN NEEDS, EQUAL PROTECTION, RELIGIOUS PRACTICE, RLUIPA, ACCESS TO COURT SEE ABOVE AT 31-33; 39-45; 47; 38; 75; 78

(51), APPELLEE A.J. MORRIS, PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, ACCESS TO COURT, EQUAL PROTECTION, RLUIPA; RELIGIOUS PRACTICE SEE ABOVE: AT 31-33; 39-45; 47; 38; 75; 78

(52), APPELLEES C. WILLIAMS: PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, ACCESS TO COURT, EQUAL PROTECTION; RLUIPA, RELIGIOUS PRACTICE ABOUE AT 31-33; 39-45; 47; 38; 75; 78

(53), J.M. SMITH, APPELLEE; PERSONAL INVOLVEMENT IN RETALIATION; DENIAL OF BASIC HU-MAN NEEDS; ACCESS TO COURT; EQUAL PROTECTION; RLUIPA; RELIGIOUS PRACTICE ABOUE AT 31-33·39-45; 47; 34; 38; 75; 78

(54). APPELLEE; G. CRABLE: PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HU-MAN NEEDS; ACCESS TO COURT, RLUIPA, EQUAL PROTECTION, RELIGIOUS PRACTICE ABOUE AT 31-33; 38-45; 34; 47; 75; 78

(55), APPELLEE R. NELSON: PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HU-MAN NEEDS; RELIGIOUS PRACTICE·RLUIPA; ACCESS TO COURT; EQUAL PROTECTION ABOUE AT 31-34; 38-45, 47; 75; 78

(H-9)

(56). APPELLEE, T.S. OSWALD; PERSONAL INVOLVEMENT IN RETALIATION; DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION, ACCESS TO COURT
ABOVE AT 31-34; 39; 40; 47

(57). APPELLEE, L. COMER; PERSONAL INVOLVEMENT IN RETALIATION; DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION, ACCESS TO COURT; SEE ABOVE 31-34; 39; 40; 47

(58). APPELLEE, T.I. BENNETT; PERSONAL INVOLVEMENT IN RETALIATION; DENIAL OF BASIC HUMAN NEEDS, RLUIPA, RELIGIOUS PRACTICE
ABOVE AT 34; 39-45; 47; 75; 78

(59). APPELLEE, R. HENDRICKS; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION; RELIGIOUS, RLUIPA, P
ABOVE AT. -34; 39-45; 47; 75; 78

(60). APPELLEE, J. CODDY; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, RLUIPA, RELIGIOUS PRACTICE; EQUAL PROTECTION
ABOVE AT 34- 39-45; 47; 75; 78

(61). APPELLEE, J. HEBETER; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, RLUIPA, RELIGIOUS PRACTICE, EQUAL PROTECTION. ABOVE 31; 32; 34; 38-45; 47; 75;

(62). APPELLEE, D. FARRIER; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC NEEDS, EQUAL PROTECTION
ABOVE, 31-32; 34; 38-40; 47

(63). APPELLEE, M. STUMP; PERSONAL INVOLVEMENT IN RETALIATION, BASIC HUMAN NEED DENIAL; EQUAL PROTECTION
ABOVE AT 31; 32; 34; 38-40; 47

(64). APPELLEE, C. TAIT; PERSONAL INVOLVEMENT IN RETALIATION, BASIC HUMAN NEEDS DENIAL; EQUAL PROTECTION; RLUIPA; RELIGIOUS PRACTICE
ABOVE AT 31-32; 34; 38-45; 47; 75; 78

(65). APPELLEE, J.D. SUHAN; PERSONAL INVOLVEMENT IN RETALIATION; DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION, RELIGIOUS PRACTICE; RLUIPA
ABOVE AT 31; 32; 34; 38-45; 47; 75; 78

(66). APPELLEE, IRMA VIHLIDAL; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION. Doc# 76 AT 209; 210
ABOVE AT 25-34; 39; 40; 47

(67). APPELLEE, B. JIN; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION. Doc# 76 AT 98; 128; 89-91; 96; 94; 97; 99; 101; 103; 121; 88; 92
ABOVE AT 25-34; 39; 40; 47; 77; 78

(68). APPELLEE, M. PARK; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION Doc# 76 AT 88; 92; 100; 105-109; 111-120; 123; 129-130; 134; 140; 149-153; 126; 131; 134; 138; 143
ABOVE AT 25-34; 39; 40; 47

(69). APPELLEE, P. DASCANI; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIC HUMAN NEEDS, EQUAL PROTECTION. Doc# 76 AT 98; 128; 136; 139
ABOVE AT 25-34; 39; 40; 47

(70). APPELLEE, M. COMER; PERSONAL INVOLVEMENT IN RETALIATION, DENIAL OF BASIS HUMAN NEEDS, EQUAL PROTECTION ABOVE AT 25-34; 39; (4-10) 40; 47: Doc# 76 AT 102
NO. 23-2277

(71). APPELLEE, E. MATTES: PERSONAL INVOLVEMENT IN RETALIATION, BASIC HUMAN NEEDS. EQUAL PROTECTION . Doc#76 AT 154, 155 -169, 137, 141,5 142, 144, 145, 147, 148, 124, 125 ABOVE AT 25-34, 39, 40,47

(72). APPELLEE, E. MWURRA: PERSONAL INVOLVEMENT IN RETALIATION, BASIC HUMAN NEEDS, EQUAL PROTECTION Doc#76 AT 137, 141, 142, 144-145, 147, 148, 154-169 ABOVE AT 25-34, 39, 40, 47

(73). P. DENNISON, APPELLEE, PERSONAL INVOLVEMENT IN RETALIATION, BASIC HUMAN, EQUAL PROTECTION ABOVE AT 31, 32, 34, 38-40, 47

(74). PLYER V. DOE, 457 U.S., 202, 217 (1982) (STRICT SCRUNITY APPLIES TO HIS FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIMS, NOT PRECISELY TAILORED TO SERVE A COMPELLING GOVERNMENT INTEREST) McCLESKY V. KEMP, 481 U.S. 279, 292 (1987) (ALLEGES AN EQUAL PROTECTION VIOLATION HAS BURDEN OF PROVING THE EXISTENCE OF PURPOSEFULLY DIS-CRIMINATION) ABOVE AT 46, 48-73, STRADFORD, 53 4th 67 APPX LEXES*8 (2d c. JUNE 12, 2023)

(75). CRUZ V. BETO 405 U.S. 19 322 N. 2, 92 S. CT. 1079 (1972), MACK V. YOST, 63 F.4th 211, 38 (3d c. 2022) (REASONABLE OPPORTUNITIES MUST BE AFFORDED TO ALL PRISONERS TO EXERCISE THEIR RELIGIOUS FREEDOM GUARANTEED BY FIRST AMENDMENT WITHOUT FEAR OF PENALTY" ABOVE AT: 46, 48-52, 54, 57-61, 64, 65; HUTCHINSON V. NORTHAMPTON COUNTY PRISON, 2023 U.S. DIST. LEXIS 7846*23 (3d c. JANUARY 12, 2023)

(76). THE FABRICATION, HEARSAY, WITH HOLDING EVIDENCE ASSERTING THINGS THAT NEV-ER OCCURRED, UNCERTIFIED DOCUMENT, AND INAUTHENTICATED DOCUMENTS, KNOWINGLY IN-TRODUCED INACCURATE CLAIMS SOLELY TO OBTAIN SUMMARY JUDGMENT. THE DISTRICT COURT ABUSE OF DISCRETION MAKING CREDIBILITY-DETERMINATIONS, DECIDING TRUTH-N-FALSE, AND NOT VIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE NON MOVING PARTY, AND MAKING ARGUMENTS WHICH APPELLEES DID NOT MAKE, i.e. THE DISTRICT COURT RULED THAT APPELLEES DENIAL ON SEVERAL SEPARATE OCCASIONS ONLY AMOUNT TO ONE DAY OF DEPRIVATION, C.F. SEVERAL OCCASIONS IN ITSELF AND BY DEFINIT-ION IS MORE THAN ONE; N. B. APPELLANT RELIGIOUS BELIEFS DICTATES A DAILY PRA-ISE, THEREFORE EACH TIME APPELLEE DENIED APPELLANT THIS DENIED APPELLANT 14-STRAIGHT DAYS OF PRAISE. SEE ABOVE AT 41-44; 46, 48-52, 54, 58-61, 64, 75; WHEREIN APPELLANT WAS FORCED TO ALTER, AND VIOLATE THE MANDATES OF APPELLANT'S RELIG-IOUS BELIEFS, DAILY READING OF FOUR DIFFERENT SPIRITUALLY INSPIRED AFRO-KENTRIK BOOK OR LITERATURE ON A DAILY BASIC. NOT TO DO SO CAUSES APPELLANT TO LOSE REWARDS IN THE AFTER LIFE, SEE WASHINGTON 497 F.31 AT 272 NOTE#, AND AT 273 WHEN INTERPRETED IN THE LIGHT MOST FAVORABLE TO NON MOVANT (SEE ABOVE AT 1-9, 24, 36-38, 42-44) (1

THEN A REASONABLE JURY COULD MAKE A VERDICT IN APPELLANT FAVOR

(77). NON MEDICAL PROFESSIONALS DID HAVE REASON TO BELIEVE THAT MEDICAL APPEL-LEES WERE MISTREATING APPELLANT, AND/OR APPELLANT NEEDED MEDICAL CARE AT ONCE, AND THESE NON MEDICAL SUPERVISORS (ABOVE AT 46, 49-51, 66) ALSO PARTIC-IPATED IN THE ABUSE (46, 49-54, 66 (4-11) 67) SEE ABOVE 33, 34, 31 NO. 23-2277

AND ENCOURAGED SUBORDINATE TO ABUSE IN-FUTHER ABUSE APPELLANT. APPELLEES OWN WORDS ARE EVIDENCE, THAT APPELLEES WERE AWARE. (ABOVE AT 66-72)(78

(78). LANKO V. WETZEL, 2023 DIST. LEXIS 36278 H(3d c. MARCH 1, 2023) ; RODE V. DELLARCIPRETE 89 F.2d 1195, 1205 (PERSONAL INVOLVEMENT CAN BE SHOWN THROUGH ALLEGATIONS OF PERSONAL DIRECTION OR ACTUAL KNOWLEDGE ACQUIESENCE

ABOVE AT: 46; 48-73

(79) ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 248 (1986) (GENUINE DISPUTE AB-OUT A MATERIAL FACT); HUKER V. JIN, 2017 U.S. DIST. LEXIS 116037*/15 (3d c. JULY 24, 2017)(WHEN THERE IS A DISAGREEMENT ABOUT THE FACTS OR THE PROPER INFERENCE TO BE DRAWN FROM THEM, A TRIAL IS REQUIRED TO RESOLVE THE CONFLICTING VERSIONS OF THE PARTIES); ZANGA V. BOROUGH OF MOOSIC, 2015 U.S. DIST LEXIS 77342*/B (3d c. JUNE 16, 2015)(SUMMARY JUDGMENT SHOULD NOT BE GRANTED WHEN THERE IS A DISPUTE ABOUT THE FACTS OR THE PROPER INFERENCES THAT A FACT FINDER COULD DRAW FROM THEM)

(80). APPELLEES PHYSICALLY ASSAULTED APPELLANT, TAMPERED WITH APPELLANT FOOD (ABOVE, 34; 53; 63)(73

(81). APPELLEES WITHOUT TOUCHING APPELLANT PHYSICALLY FAILS TO MEET THE STANDARD OF THE 8th AMENDMENT, ABOVE, 30; 66-72)

(82). N.B. NONE OF MEDICAL APPELLEES ARE SPECIALIST, i.e. GASTROENTEROLOGIST, UROLO-GIST, PODIATRIST, DERMATOLOGIST, PSYCHOLOGIST; ONTOLARYNGOLOGIST; AND EACH MY-DICAL APPELLEES DECLARED THAT APPELLANT HEALTH PROBLEMS REQUIRES CARE OF A SPECIALIST ABOVE, 66-72; 14-17; 20-21; 38;

(83) APPELLEES KNOWINGLY SUBMITTED DOCUMENTS WHICH APPELLEES DO NOT HAVE THE KNOWLEDGE, OR MEDICAL SKILLS TO GIVE AN AUTHORITATIVE, OR OPINION AS FACT, PLUS, THESE THINGS HAS NEVER OCCURR, OTHERS APPELLEES COULD NOT HAVE WITNESSED IF IT HAD OCCURRED, BUT WITH FOREKNOWLEDGE THESE ALLEGATION WERE NOT FACT, APPELLEE STILL SUBMITTED THE DOCUMENTS AS FACTUAL EVIDENCE SOLELY TO OBTAIN THE GRANT OF SUMMARY JUDGMENT, ALL# APPELLEES (ABOUE, FP 3-1 -3-2 AT 13'/6'23,'25     ABOVE AT 46; 48-73) VOWED TO PENAL-IZE APPELLANT, ABOUE AT, 12-18; 20-23; 29;29;'38 - 40; Doc# 147; 149; 16)-1; '150

(84). APPELLEES MISCONDUCT WAS NOT COMMITTED WHERE A  JOKE WENT TOO FAR; THE ALLEGED WRONGFUL CONDUCT TOOK PLACE AFTER LONG FORETHOUGHT, AND MOCKED APPELLANT AFTER THE ALLEGED WRONGFUL CONDUCT TOOK PLACE, ALL DONE FOR NON MEDICAL -N- NON PENOLOGICAL REASONS, ABOVE, 28; 40; 39

(85) APPELLEES ARE ALLEGED TO HAVE TARGETED APPELLANT, AND INTENTIONALLY TREATED APPELLANT DIFFERENT FROM ALL OTHER SIMILAR SITUATED INMATES, ESPECIALLY WHITE IN-MATES; BASED ON NON-PENOLOGICAL AND NON MEDICAL INTEREST, ABOVE, 74; 75

(86). THE DISTRICT COURT ABUSE OF DISCRETION WHEN THE COURT (Doc#208 AT NOTES 6; 7, 9,     ) MADE DECISION ON A JURY SHOULD MAKES, ABOVE, 37; ALSO 1-8; 24; 35; 36

(87). THE DISTRICT COURT APPEARS TO DECCREDIT, OR CONSIDER APPELLANT EVIDENCE TO BE OF A LITTLE OR NO FACT, THIS IS AN ABUSE OF DISCRETION, ABOVE, 2-4; 9-11

(88) N.D. THE DISTRICT ABUSE OF DISCRETION, OCCURRED WHEN DEFENDANTS TO DATE! DID NOT DENY TO HAVING COMMITTED THE ALLEGED (4-12) VIOLATIONS APPELLANT ALLEGED AGAINST NO.23-2277

APPELLEES, M. STUMP, D. FARRIER, T.S. OSWALD AND J.M. SMITH, THEREFORE, APPELLEES WAIVE THEIR RIGHTS TO PLEA NOT! GUILTY, AND APPELLEES WAIVER IS AUTOMATICALLY BE ACCEPTED BY THE DISTRICT COURT TO MEAN APPELLANT ALLEGED CLAIMS ARE TRUE, IN THIS INSTANT, APPELLANT ALLEGED THAT APPELLEES, J.M. SMITH, T.S. OSWALD, D. FARRIER, AND M. STUMP VIOLATED APPELLANT 1st, 8th, AND 14th AMENDMENTS, TO DATE! THE DISTRICT COURT HAS FAILED TO RULE APPELLEES, who DIDNOT, AND CHOSE NOT TO SUBMIT A MOTION FOR DISMISSAL 12B, OR A MOTION FOR SUMMARY JUDGMENT; THE COURT FAILURE TO DECLARE APPELLEES, STUMP, SMITH, FARRIER, AND OSWALD GUILTY OF VIOLATING APPELLANT 1st, 8th, AND 14th AMENDMENTS ( SEE Docs #76;100; 208 AT NOTE #1 ) A   HUGE Act OF ABUSE OF DISCRETION BY THE COURT.

(89). WHEN APPELLEES WERE THE NON MOVANT AND APPELLANT THE MOVING PARTY (Doc # 163) THE DISTRICT COURT VIEWED THE NONMOVANT EVIDENCE AS FACT, ACCEPT APPELLEES DENIALS, ASSERTIONS-N-ALLEGATION TO BE FACT, THIS ABUSE OF DISCRETION CONTRIBUTED, AND PROBABLY BASED ITS RULING TO DENY APPELLANT MOTION FOR SUMMARY JUDGMENT. SEE ABOVE, 19-24;18

(90). WHEN APPELLANT PRO SE STATUS IS VIEW IN THE MOST FAVORABLE LIGHT, AND THE FACT APPELLANT HAS DEMENTIA THE DISTRICT COURT DENIED APPELLANT MOTION FOR APPOINTMENT OF COUNSELOR' IS AN ABUSE OF DISCRETION.

(91). IN THE PAST THE THIRD CIRCUIT APPEAL COURT RULED THAT A' MOVING PARTY'S DECLARATION EVEN IF IT'S SELF SERVING STILL CREATES A GENUINE ISSUE, OF MATERIAL FACT, APPELLANT DECLARATION WAS DETERMINED NOT TO CREATE A GENUINE ISSUE OF MATERIAL FACT, ABOVE, AT 9;10;6;36

(92). WHEN THE EVIDENCE IS VIEWED IN THE LIGHT MOST FAVORABLE TO THE NON - MOVING PARTY, A GENUINE DISPUTE CONCERNING THE FACT EXIT, THEN, SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED. THE DISTRICT COURT ABUSED ITS DISCRETION BY GRANTING SUMMARY JUDGMENT UNDER SUCH CIRCUSTANCES, SEE ABOVE 35; 79;36

(93). APPELLANT IS A PROSE LITIGATOR, A DECLARATION IS AN ACHIEMENT FOR A PRO SE LITIGANT, THE DISTRICT COURT DISREGARD FOR NONMOVANT PRO SE DECLARATION IS AN ABUSE OF DESCRETION, ABOVE AT 10

(94). THE DISTRICT COURTS DECISION TO GRANT APPELLEES SUMMARY JUDGMENT CONFLICTS WITH AUTHORITATIVE THIRD CIRCUIT DECISIONS, AND SUPREME COURT RULINGS, SEE ABOVE AT 1-45;47;74-79; HAD THE DISTRICT COURT NOT SO THEN APPELLANT WOULD HAVE PROVIDED EVIDENCE WHICH A REASONABLE JURY COULD DECIDE A 1st, 8th, 14th AMENDMENTS, R] httA AND 18 U.S.C. 1377 247, AND 7/ P.S. 581 RIGHTS VIOLATIONS IN APPELLANT FAVOR (Doc #76;140; 141;159;163;114;161;160) THE DISTRICT COURT FAILED TO VIEW THE EVIDENCE IN THE NON MOVANTS FAVOR, ABOVE AT 2-4;8;11

THE DISTRICT COURT DECISION WAS MADE BY ACCEPTING APPELLEES INADMISSIBLE EVIDENCE, CONTESTED BY APPELLANT, (ABOVE AT 2;12;13-23;66;67;76
WHICH DO NOT MEET THE REQUIREMENT OF THE RULES OF THE COURT, i.e. FRE 104;401-403; 601-603; 801; 802; 901' FRCP 56; THE DISTRICT COURT DISCARDED APPELLANT REPEATED REQUEST TO ENFORCE FRE, AND FRCP 56' THE DISTRICT COURT DENIAL DEPRIVED APPELLANT THE OPPORTUNITY TO VET APPELLEES' HEARSAY (4-13) DECLARATIONS, AND FABRICATIONS
No. 23-2277

(ABUSE, AT 35).

⑮ DURING TESTIMONY OF A JURY TRIAL APPELLANT FAILED TO CALL THE NAMES OF APPELLE J.M. SMITH, M. STUMP-N-D. FARRIER AS THE INDIVIDUALS WHO WERE THE ALLEGED ACTORS WHO SEXUALLY ASSAULTED APPELLANT. THE DISTRICT COURT GRANTED APPELLEES MOTION FOR FRCP 50, DISMISSING APPELLEES AS DEFENDANTS, i.e. D. FARRIER, M. STUMP-N-J.M. SMITH, THE DIST-RICT COURT'S RULING WAS ERR.

① THROUGH THE TRIAL PRIOR TO THE DISMISSAL, THE JUDGE ANNOUNCED MORE THAN ONCE TO TH JURY THAT APPELLEES, T.S. OSWALD, D. FARRIER, J.M. SMITH, AND M. STUMP AS DEFENDANT THE JUDGE DISTRIBUTED MORE THAN ONE DOCUMENT TO APPELLANT-N-APPELLEES WHICH CITE APPELLEES, M. STUMP, D. FARRIER, J.M. SMITH, AND T.S. OSWALD AS DEFENDANTS, WITH NO OBJECTION FROM DEFENDANTS. SEE, ORDER OF JURY SELECTION PROCEDURE, Doc# 253, ON OR NEAR 6.23 AT PP. 2②; FINAL JURY INSTRUCTIONS, DISTRIBUTED ON OR NEAR 6.12.23 AT 1-7 AT No 20; 9 AT 4; PRELIMINARY JURY INSTRUCTIONS, ON OR NEAR 6.12.23, PP 1-2; THOSE DOCUM-ENTS WERE DISTRIBUTE PRIOR TO APPELLANT HAVING TOOK THE STAND

IN LIGHT OF THE NUMEROUS MOTIONS FILED BY DEFENDANTS T.S. OSWALD, J.M. SMITH, D. FARRI-ER, AND M. STUMP THEY TOO, BELIEVED THEY WERE ALREADY IDENTIFIED AS DEFENDANTS. e.g. Doc# 227 AT PP 1-5; Doc# 207 AT PP 1; 2③; Doc# 235 ___ ./Boston 2015 U.S. DIST. LEXIS 148196 * 140 (2) C., JANUARY 9, 2015).

APPELLANT IS A PRO SE LITIGANT WHO HAS DEMENTIA, WAS FORCED! TO REPRESENT HIMSELF AT TRIAL. HAD THE COURT NOT REPEATEDLY DECLARED T.S OSWALD, J.M. SMITH, D. FARRIER, AND M. STUMP TO BE DEFENDANTS, APPELLANT PROBABLY WOULD HAVE NAMED THE OTHER THREE DEFENDANTS, N.B. APPELLANT HAS DEMENTIA

THE APPELLANT BEING A PRO SE LITIGATOR, DOE HEREBY HUMBLY REQUEST TO CONSTRUE APPELLANT FILINGS LIBERALLY TO RAISE TO THE STRONGEST CLAIM IT SUGGEST AS PURSUANT ERICKSON V. PARDUS 551 U.S. 89, 94 (2007) THE APPELLANTE PLEADINGS ARE TO BE HELD TO A LESS STRINGENT STANDARDS THAN FOR-MAL PLEADINGS DRAFTED BY LAWYERS; IF THE COURT LAND REASONABLE READ THE PLEADINGS TO STATE A CLAIM ON WHICH A LITIGANT COULD PREVAIL, IT SHOULD DO SO DESPITE FAILURE TO CITE PROPER LE-GAL AUTHORITY, CONFUSION OF LEGAL THEORIES, POOR SYNTAX AND SENTENCE CONSTRUCTION OR THE LITIGANTS UNFAMILIARITY WITH PLEADING REQUIREMENTS. BOAB V. MACDOUGAL, 454 U.S. 364 (1982) HAINES V. KERNER, 404 U.S. 519 (1972)

BOSTON V. MOONEY, 2015 U.S. DIST. LEXIS 148196 * 140(3) c. JANUARY 9, 2015)(NO IDENTIFICATION OF THE PERPETRATOR, SUFFICIENCY OF THE EVIDENCE IS A QUESTION OF LAW EVIDENCE WILL BE SUFF-ICIENT TO SUPPORT A VERDICT WHEN IT ESTABLISHES EACH MATERIAL ELEMENT OF THE CRIME CH-ARGED AND COMMISSION THEREOF BY THE ACCUSED BEYOND A REASONABLE DOUBT.

WHEN REVIEW SUFFICIENCY CLAIM THE COURT IS REQUIRED TO REVIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE VERDICT WINNER GIVING THE PROSECUTOR THE BENEFIT OF REASONABLE INFER-ENCES TO BE DRAWN FROM THE EVIDENCE. COMMONWEALTH V. HOLLINGSWORTH, 2019 PA. SUPER LEXIS 4784 (DECEMBER 30, 2019); COMMONWEALTH V. BIGGS 2217 PA. SUPER LEXIS 1800 (MAY 12, 2017); COMMONWEALTH V. WIDMER, 560 PA. 308, 744 A.2d 745, 751 (2000) (CIRCUMSTANTIAL EVIDENCE AL-ONE CAN CONSTITUTE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION); COMMONWEALTH V. RUCCI, 543 PA. 261, 670 A.2d 1129, 1136 (PA. 1966) (NO IN COURT IDENTIFICATION")

No. 23-2277                                          (4-14)

**7.** Are there any other reasons why the district court's judgment or the agency's decision was wrong? <u>YES!</u> ON OR NEAR 6.15,23 APPELLEES, T.S. OSWALD, M. STUMP WAS FOUND GUILT

If so, briefly state these reasons. OF SEXUAL ASSAULT ON OR NEAR 6.14.23, APPELLEES, J.M. SMITH, D. FARRIER, AND M. STUMP, PER FRE 50 WERE DROPPED AS DEFENDANTS, BECAUSE APPELLANO DID NOT MENTION THOSE APPELLEES BY NAME, EVEN THOUGH THE JUDGE ON MORE THAN TWO OCCASIONS ANNOUNCED TO ME BERS OF THE JURY BY NAME (J.M. SMITH, M. STUMP, D. FARRIER), DISTRIBUTED MORE THAN ONE DOCUMENT TO APPELLESS-N-THEIR ATTORNEY, AND APPELLANT STATING THAT JM SMITH, M. STUMP b. FARRIER, T.S. OSWALD AS DEFENDANTS; APPELLEES ATTOANEYS PROCLAIMED T.S. OSWAL, J.M. SMITH, M. STUMP, D. FARRIER AS DEFENDANTS. ... THE DISTRICT COURT ERROR ESPECIALLY IN LIGHT APPELLANT, WHO HAS DE MENTIA, WAS <u>FORCED</u>! TO GO PRO SE

**8.** What action do you want the Court of Appeals to take in this case? IDENTIFY ALL CLAIMS, OR ORD THAT THE CLAIMS ARE TAKEN TO TRIAL; APPOINT LEGAL COUNSEL; ALL LEGAL-N-RELIGIOUS LITERATURE IS RETURNED TO APPELLANT AT ONCE! INCLUDING THE PIECE OF CLOTH FABRIC HAVING APPELLEES DNC ON IT. THE WASHINGTON V. KLEM SETTLEMENT COMPLIANCE ENFORCE IMMEDIATELY, ORDER D CLARING APPELLANT 1st, 8th, 14 th AMENDMENTS, RLUIPA, 18 USC 13 ½ 247; 71 P.9. 581 VIOLATION ED CONSIDER WHAT APPELLEES DID NOT SAY, ④ DO NOT DENY VOWING TO PENALIZE APPELLANT FOR COMMUNICATIONS WITH AUTHORITIES, ④ DO NOT DENY SEXUALLY HARASSING APPELLANT WHILE DENYING MEDICAL CARE-N-BASIC HUMAN NEEDS, ③ DO NOT DENY HAVING DENIED APPELLANT RELIGIOUS PRACTICE ④ DO NOT CLAIM TO BE SPECIALIS AND DENYING APPELLANT CARE BY SPECIALIST; ⑥ REINSTATE J.M. SMITH, D. FARRIER, AND M. STUMP AS DEFEND ANTS, AND ORDER JURY TRIAL,

_Denny Unled Washington_
Signature

You may attach any documents filed in the district court or before the agency that you think the court of appeals must see in order to decide your appeal or your petition for review. For appeals from the district court, please keep in mind that the entire district court record is transmitted to the court of appeals and is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.

IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING <u>IN FORMA PAUPERIS</u>, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND TEN (10) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.

# **PROOF OF SERVICE**

I certify that on __9.11.23__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

ALANS, GOLD
716 N. BETHLEHEM PIKE SUITE 208
LOWER GWYNEDD, PA 19002

SEAN A. KIRKPATRICK
OFFICE OF ATTORNEY GENERAL OF PENNSYLVANIA
STRAWBERRY SQUARE - 15th FLOOR
HARRISBURG, PA. 17120

# **PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS**

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __9.11.23__ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Henry Censeld 3Washington
Signature

Dated: 9.11.23

6

SCI-SOMERSET

Name HENRY UNSELD WASHINGTON

Number AM 3086
1600 WALTERS MILLS ROAD
SOMERSET, PA, 15510-0001

1910681790

PA Dept of Corrections
INMATE MAIL



US POSTAGE AND PITNEY BOWES

ZIP 15510
02 1W
0001397502 SEP 11 2023
$ 000.87°

RECEIVE
SEP 1 4 2023
U.S.C.A. 3rd. CIR

OFFICE OF THE CLERK
FOR THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURT HOUSE
601 MARKET STREET
PHILADELPHIA, PA, 19106-1790