IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

**No. 23-2277**

_____

**HENRY UNSELD WASHINGTON,**

**Appellant**

**v.**

**ROBERT GILMORE, Warden; TRACY SHAWLEY, Warden's Assistant; S. P. DURCO, RHU Commander; P.E. BARKEFELT, RHU Lieutenant; A. J. MORRIS, Lieutenant; C. WILLIAMS, Lieutenant; G. CRABLE, Sergeant; J. M. SMITH, Sergeant; ROBERT NELSON, Corrections Officer; [Continued on Back of Cover Page]**

**Appellees**

_____

**BRIEF FOR PENNSYLVANIA
DEPARTMENT OF CORRECTIONS APPELLEES**

_____

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ENTERED JUNE 14, 2023

MICHELLE A. HENRY
*Attorney General*

BY:     SEAN A. KIRKPATRICK
*Senior Deputy Attorney General*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-2331
FAX:   (717) 772-4526

J. BART DELONE
*Chief Deputy Attorney General*
*Chief, Appellate Litigation Section*

DATE: October 30, 2023

**T. S. OSWALD, Corrections Officer; L. COMER, Corrections Officer; T.I. BENNETT, Property Officer/Corrections Officer; R. HENDRICKS, Corrections Officer; J. CODDY, Corrections Officer; J. HEGETER, Corrections Officer; D. FARRIER, Corrections Officer; M. STUMP, Corrections Officer; G. TAIT; J. D. SUHAN, Corrections Officer; IRMA VIHLIDAL, Health Care Administrator; B. JIN, Medical Director; M. PARK, Doctor; P. DASCANI, Doctor; M. COMER, P.A.; E. MATTES, P.A.; MWUARA, P.A.; P. DENNISON, Corrections Office**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION ....................................................................1

STATEMENT OF ISSUES ................................................................................2

STATEMENT OF THE CASE ...........................................................................3

STATEMENT OF FACTS .................................................................................8

STATEMENT OF RELATED CASES ............................................................11

SUMMARY OF ARGUMENT .......................................................................12

ARGUMENT ..................................................................................................13

I.   THE DISTRICT COURT CORRECTLY GRANTED SUMMARY JUDGMENT IN
     VIHLIDAL'S FAVOR ON WASHINGTON'S EIGHTH AMENDMENT CLAIM...........13

     A.   Because Washington did not object to the Magistrate Judge's
          Report and Recommendation, this Court's Standard of Review is
          Plain Error. ............................................................................13

     B.   Vihlidal Was Entitled to Summary Judgment Because the
          Undisputed Record Demonstrated that She Was Justified in
          Believing Washington Was in Capable Medical Hands. ....................15

CONCLUSION ...............................................................................................19

CERTIFICATE OF COUNSEL ......................................................................20

CERTIFICATE OF SERVICE ........................................................................21

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Brightwell v. Lehman*,
   637 F.3d 187 (3d Cir. 2011) .................................................................. 13, 14, 17

*Durmer v. O'Carroll*,
   991 F.2d 64 (3d Cir. 1993) ................................................................................ 15

*Estelle v. Gamble*,
   429 U.S. 97 (1976) ............................................................................................ 15

*Farmer v. Brennan*,
   511 U.S. 825 (1994) .......................................................................................... 16

*Henderson v. Carlson*,
   812 F.2d 874 (3d Cir. 1987) ............................................................................. 14

*Lehman Brothers Holdings, Inc. v. Gateway Funding Diversified Mortgage
   Services, L.P.*,
   785 F.3d 96 (3d Cir. 2015) ................................................................................ 15

*Leyva v. Williams*,
   504 F.3d 357 (3d Cir. 2007) ............................................................................. 13

*M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*,
   969 F.3d 120 (3d Cir. 2020) ............................................................................. 14

*Orie v. Dist. Att'y Allegheny Cnty.*,
   946 F.3d 187 (3d Cir. 2019) ........................................................................ 13, 14

*Pearson v. Prison Health Serv.*,
   850 F.3d 526 (3d Cir. 2017) ........................................................................ 15, 16

*Plummer v. Wellpath*,
   23-1637, 2023 WL 4181620 (3d Cir. June 26, 2023) ....................................... 17

*Rode v. Dellarciprete*,
   845 F.2d 1195 (3d Cir. 1988) ........................................................................... 17

*Rouse v. Plantier*,
  182 F.3d 192 (3d Cir. 1999).................................................................15

*Spruill v. Gillis*,
  372 F.3d 218 (3d Cir. 2004).................................................................16

*United States ex. rel. Walker v. Fayette Cty.*,
  599 F.2d 573 (3d Cir. 1979).................................................................16

*United States v. Lopez*,
  818 F.3d 125 (3d Cir. 2015).................................................................13

*United States v. Olano*,
  507 U.S. 725 (1993)...........................................................................13

*Victor v. Lawler*,
  565 Fed. Appx. 126 (3d Cir. 2014)......................................................15

*Woods v. First Corr. Med. Inc.*,
  446 F. App'x 400 (3d Cir. 2011) .........................................................17

**Statutes**

28 U.S.C. § 636 ...................................................................................5

28 U.S.C. § 1331 .................................................................................1

28 U.S.C. § 1343 .................................................................................1

42 U.S.C. § 1983 .................................................................................1

**Rules**

Fed. R. App. P. 10 ...............................................................................15

Fed. R. Civ. P. 50 ...............................................................................15

# STATEMENT OF JURISDICTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, over which the district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

This appeal is from a final order, over which this Court has jurisdiction by virtue of 28 U.S.C. § 1291. Judgment was entered on June 14, 2023, and the District Court denied Appellant's motion to amend the judgment on June 30, 2023. Appellant filed his notice of appeal on July 17, 2023.

A week prior to Appellant filing his notice of appeal, the Appellee T.S. Oswald filed a motion for judgment as a matter of law, for a new trial, or for remitter to reduce the excessive punitive damage award. The District Court denied that motion on October 2, 2023.

## STATEMENT OF ISSUES

I.     Did the District Court commit plain error in concluding that Appellant's Eighth Amendment claim against a non-medical prison administrator failed as a matter of law where the undisputed record shows that Appellant was under the care of medical professionals and was being seen by medical staff for his complaints on a weekly basis for many years?

# STATEMENT OF THE CASE

This Eighth Amendment case involves an inmate who disagreed with the treatment provided to him by his doctors. Appellant, plaintiff below, is Henry Unseld Washington, an inmate currently confined at SCI-Somerset but who raises allegations concerning his confinement at SCI-Greene. Appellees, defendants below, are numerous Pennsylvania Department of Corrections (DOC) employees (collectively the DOC Appellees), although this appeal only concerns Irma Vihlidal, the Corrections Health Care Administrator. Also appellees, but separately represented, are six medical professionals contracted to work in Pennsylvania prisons (collectively the Medical Appellees).[1]

Washington commenced this action solely against SCI-Greene Superintendent Robert Gilmore in August 2015. D.C. dkt. 1 and 5. In that complaint, Washington claimed that prison employees and doctors engaged in unwanted touching and sexual banter. D.C. dkt. 1, ¶¶ 16-19, 23.[2] Over the next few months, Washington filed supplements to his complaint, adding over 20 defendants and 100

---

[1]    On September 20, 2023, the Medical Appellees filed a letter with this Court stating that they would not be participating as the appeal was limited to the grant of summary judgment to Vihlidal. Dkt. 21.

[2]    Because Washington did not provide an appendix, Appellees will cite to the record using the District Court's docket numbers ("D.C. dkt. #").

pages of new allegations. D.C. dkt. 9 and 12. Washington described almost weekly medical visits between 2013-2015 and accused doctors or physician's assistants of declaring that he needed emergency medical care and then walking away, leaving him collapsed on the floor. *See*, *e.g*., D.C. dkt. 9, ¶¶ 163, 178-80, 198, 204, 209, 235, 241-42, 299.

On January 31, 2017, Washington filed the operative Second Amended Complaint against 27 DOC employees and medical staff. D.C. dkt. 76. In his 291 paragraph complaint, Washington raised claims of First Amendment retaliation (*id*., ¶¶ 74, 202-13, 219-21); denial of access to court (*id*., ¶¶ 35-42, 45-46, 54-57, 199-201); violations of freedom of religion (*id*., ¶¶ 47-51, 187-198); violations of equal protection (*id*., ¶¶ 58-62, 77, 89, 216-224); Eighth Amendment sexual assault and harassment (*id*., ¶¶ 63-69, 77-78, 85, 89-91, 94-97, 99, 101, 103, 110, 122, 127-28, 135-36, 139, 174-85); and denial of medical care (*id*., ¶¶ 70-77, 79, 83-86, 88, 92-95, 98, 100-02, 104-73).

The DOC and Medical Appellees filed motions to dismiss, (D.C. dkt. 78, 89), which were granted in part, denied in part in September 2017. D.C. dkt. at 100. The District Court dismissed Washington's retaliation, access to court, free exercise of religion, and equal protection claims in their entirely. *Id.* at 2. That court also dismissed the sexual harassment claims against the Medical Appellees. *Ibid.* That court permitted, however, the sexual assault claims against Officers Oswald, Smith,

Farrier, and Stump, and the medical care claims against the Medical Appellees and Irma Vihlidal, to continue. *Ibid.* Washington does not appeal this order. Appellant's br. at 1.

In July 2018, the DOC Appellees filed a Partial Motion for Summary Judgment solely on behalf of Vihlidal. D.C. dkt. 144. That same month, the Medical Appellees filed their own Motion for Summary Judgment on all remaining claims. D.C. dkt. 148. Four months later, Washington filed his own motion for summary judgment. D.C. dkt. 144, 148, 163. These motions were referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

The Magistrate Judge issued a Report and Recommendation recommending that both Vihlidal and the Medical Appellees' motions be granted, and Washington's motion be denied. D.C. dkt. 168. After carefully examining the undisputed record, the Magistrate Judge concluded that Washington was "provided with continuous, on-going care during the time period at issue, just not the care that he wanted or he thought he needed for his self-diagnosed medical problems that were never substantiated with clinical evidence." *Id.* at 18. As for Vihlidal, Washington admitted that she was not a doctor and "[t]here is also nothing in the record that would lead a reasonable jury to find that Defendant Vihlidal was not justified in believing that [Washington] was in capable [medical] hands." *Id.* at 19-20.

The Magistrate Judge informed Washington that he had 14 days to file objections to her report and "failure to file timely objections will constitute a waiver of his appellate rights." *Id.* at 20. Despite this warning, Washington did not file objections. Therefore, on March 19, 2019, the District Court adopted the Magistrate Judge's Report and Recommendation in full without opinion. D.C. dkt. 169.

The case proceeded to trial against Officers Oswald, Smith, Farrier, and Stump, which began on June 12, 2023. D.C. dkt. 254-257. After Washington's case in chief, the DOC Appellees moved for Judgment as a Matter of Law as to Smith, Farrier, and Stump under Federal Rule of Civil Procedure 50. This motion was granted. D.C. dkt. 256. Washington does not appeal this ruling. Appellant's br. at 1.

On June 14, 2023, the jury found in favor of Washington, and against Oswald, on the Eighth Amendment sexual abuse claim. D.C. dkt. 262. The jury awarded Washington $265,000. D.C. dkt. 262-263.

A week later, Washington filed a motion to amend the judgment and for a new trial against the three DOC officers who were dismissed during trial. D.C. dkt. 264. The District Court denied that motion on June 30, 2023, explaining that "[a]t no point during [Washington's] case did he offer any testimony or other evidence regarding these Defendants. He failed to mention them." D.C. dkt. 267. Washington does not appeal this ruling. Appellant's br. at 1.

Thereafter, Washington filed an appeal of the District Court's order adopting the Magistrate Judge's Report and Recommendation and granting summary judgment in Vihlidal's favor. Appellant's br. at 1.

# STATEMENT OF FACTS

Washington has been in the custody of the Pennsylvania Department of Corrections since 1978 and admits that he is in the initial stages of dementia. D.C. dkt. 147-15, pp. 9, 32, 40, 45 (Washington's depo.). Washington claims to suffer from a large assortment of other medical ailments, "including, but not limited to, partial blindness in his right eye, *id*., pp.17-18; voice trouble, *id*., pp.27-28; digestive issues, *id*., p.31; breathing problems, *id*, pp.45-47; dizziness, *id*., p.47; discharge of pus, blood and semen, *id*., pp.50-51; sudden onset sleepiness, *id*., pp.52-55; swollen ankles and inflamed joints, *id*., pp.57-58; continuous nose bleeds, *id*., p.60; testosterone deficiency, *id*., p.61; urethral stricture, *id*., p.63; irreversible foot fungus, *id*., p.64; and intense chest pain, *id*., p.66." D.C. dkt. 168 at 4-5 (R&R) (footnotes omitted). While some of these ailments are real (for example, he underwent cataract surgery in 2014, D.C. dkt. 147-15, pp. 18-21), other ailments are imagined (for example his claim to have Whipple's Disease, D.C. dkt. 168 at 5 n.6).

Washington has been clinically diagnosed as a hypochondriac. D.C. dkt. 147-2 at 14 (medical records). Accordingly, the DOC established a protocol for Washington to be regularly visited by a doctor or nurse. D.C. dkt. 147-1, ¶ 3 (Rice's decl.).[3] As a result of this protocol, Washington was seen by a doctor, physician's

---

[3]     Nedra Rice worked as a Registered Nurse Supervisor at SCI-Greene from 2008 until 2016 and is currently the Corrections Health Care Administrator for SCI-Fayette. D.C. dkt. 147-1, ¶ 1 (Rice decl.).

assistant, or certified register nurse practitioner "at least once a week and at times, even more frequently." *Ibid.* "The clinicians would try to elicit information about his issues – to see if he had any new symptoms or complaints – which they would try to address." *Ibid.* This protocol was in place during the relevant 2013-2015 timeframe and did not prevent Washington from submitting sick call requests, which he continued to do. *Ibid.* Washington was also seen by mental health professionals at the prison "quite frequently[.]" D.C. dkt. 147-15, p. 56 (Washington's depo.).

Washington would often refuse to cooperate with medical staff, as he believed "he was suffering from a variety of conditions and needed to be seen by specialists[.]" *Id.*, ¶¶ 3, 6 (listing entries from Washington's medical records); D.C. dkt. 147-2 at pp. 1-15 (medical records). The prison's "doctors and other medical staff found no clinical evidence supporting his claims." D.C. dkt. 147-1, ¶ 3. Washington's "refusals, and his refusals of physical examinations, were documented. However, the medical staff would continue to respond to Plaintiff's requests to make sure that there were no new problems." D.C. dkt. 168 at 6 (R&R).

Vihlidal is not a medical doctor. D.C. dkt. 147-15 at pp. 40-41, 91 (Washington's depo.). Her only involvement with Washington was reviewing his grievances about his medical care. *See*, *e.g.*, D.C. dkt. 147-4 through 147-12. In responding to these grievances, Vihlidal would review his chart and discuss his care with medical staff. D.C. dkt. 147-1, ¶ 7. Washington claims that on three occasions

between 2009 and 2015, Vihlidal met with him to discuss his complaints but did nothing to assist him. "In his deposition, [Washington] could not provide any more specific details about when these three interactions occurred and what exactly occurred during them except for the fact that [Vihlidal] didn't get him any help after he told her what was wrong with him." D.C. dkt. 168 (R&R) (summarizing record).

**STATEMENT OF RELATED CASES**

This case has previously been before the Court at No. 17-3151. Additionally, Appellee Oswald plans to appeal the District Court's October 2, 2023, order on or before November 1, 2023.

## SUMMARY OF ARGUMENT

Washington appeals the District Court's order adopting, without opinion, the Magistrate Judge's recommendation that summary judgment be entered in Irma Vihlidal's favor. Because Washington failed to object to the Magistrate Judge's recommendation, despite a warning that such failure "will constitute a waiver of his appellate rights[,]" D.C. dkt. 168 at 20, this Court reviews the District Court's order for plain error. No error, plain or otherwise, exists here.

Washington accuses Vihlidal of violating his Eighth Amendment right to medical care. However, it is undisputed that Vihlidal is not a medical doctor; she is a prison administrator, who's only interaction with Washington was investigating his grievances. It is well-established that a prison administrator is not deliberately indifferent to an inmate's medical needs if that inmate was under the care of medical professionals. And it is undisputed that Washington was being seen by medical professionals on a weekly basis. It is equally well-established that a prison administrator's investigation of a grievance does not constitute personal involvement in the underlying action. Washington's mere disagreement with how the doctors treated him or how Vihlidal investigated his grievances does not state a viable Eighth Amendment claim.

The District Court correctly entered summary judgement in Vihlidal favor.

# ARGUMENT

## I. THE DISTRICT COURT CORRECTLY GRANTED SUMMARY JUDGMENT IN VIHLIDAL'S FAVOR ON WASHINGTON'S EIGHTH AMENDMENT CLAIM.

### A. Because Washington did not object to the Magistrate Judge's Report and Recommendation, this Court's Standard of Review is Plain Error.

When a party fails to object to a report and recommendation, as here, this Court "review[s] the District Court's grant of summary judgment for plain error." *Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citation omitted). Under plain error review, this Court reverses an error "only if it was (1) clear or obvious, (2) affect[ed] 'substantial rights, and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotation marks omitted). This is a "high hurdle, surmounted only in 'those circumstances in which a miscarriage of justice would otherwise result.' " *United States v. Lopez*, 818 F.3d 125, 132 (3d Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

In certain cases, this Court will apply de novo review notwithstanding a failure to object if the District Court nevertheless "elect[ed] to exercise its power to review a magistrate's report de novo." *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 193 (3d Cir. 2019) (citation and alteration omitted). This is because "when the district court elects to exercise its power to review a magistrate's report de novo, a

party's previous failure to object becomes irrelevant." *Henderson v. Carlson*, 812 F.2d 874, 879 n.4 (3d Cir. 1987).

Here, Washington failed to file any objection to the Magistrate Judge's Report and Recommendation. In its two-page order adopting the recommendation in full, the District Court stated that it conducted a de novo review, but did not issue any opinion or analysis reflecting that review. "Given the absence of any independent reasoning by the District Court, it seems clear that, while the Court no doubt gave thoughtful consideration to the R&R and record, it did not engage in de novo review and decision making." *Orie.*, 946 F.3d at 192. Mere boilerplate wording has no talismanic power to alter the applicable plain error standard of review.

Nevertheless, under either a de novo or plain error review, the District Court's order granting summary judgment was correct. Under either standard, this Court looks for error by applying the same summary judgment standard as the District Court, or in this case, the Magistrate Judge. *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020). And this Court may affirm for any reason supported by the record. *Brightwell*, 637 F.3d at 191. As discussed next, the undisputed record loudly declares that Washington's claims against Vihlidal fail as a matter of law.

**B. Vihlidal Was Entitled to Summary Judgment Because the Undisputed Record Demonstrated that She Was Justified in Believing Washington Was in Capable Medical Hands.**

Washington claims that Vihlidal violated his Eighth Amendment rights by not ensuring he received adequate medical care.[4] To succeed on an Eighth Amendment medical needs claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.' " *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Mere misdiagnosis or negligent treatment is not actionable because medical malpractice is not a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993).

---

[4]    Washington's begins his informal brief by clearly stating that he is only appealing the grant of summary judgment. Appellant's br. at 1. The rest of his brief, however, is not a model of clarity. To the extent Washington also sought to challenge the District Court's grant of judgment as a matter of law to Smith, Farrier, and Stump under Federal Rule of Civil Procedure 50, he has made analysis of such a claim impossible by not providing or citing to the transcript of the trial. Thus, Washington has forfeited this claim. *See* Fed. R. App. P. 10(b); *Lehman Brothers Holdings, Inc. v. Gateway Funding Diversified Mortgage Services, L.P.*, 785 F.3d 96, 100-101 (3d Cir. 2015) (finding forfeiture where appellant failed to provide transcript); *Victor v. Lawler*, 565 Fed. Appx. 126, 131 (3d Cir. 2014) (dismissing appeal where pro se inmate failed to provide transcript necessary for this Court to assess the merits of his challenge).

The key question then is "whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]here is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Pearson*, 850 F.3d at 535 (*quoting United States ex. rel. Walker v. Fayette Cty*., 599 F.2d 573, 575 n.2 (3d Cir. 1979)). "Because mere disagreement as to the proper medical treatment does not support a claim of an Eighth Amendment violation, when medical care is provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Ibid.* (internal quotation marks and citations omitted).

Given this, non-medical prison officials cannot "be charge[d] with the Eighth Amendment scienter requirement of deliberate indifference" when the "prisoner is under the care of medical experts." *Pearson*, 850 F.3d at 543 (*quoting Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). So long as some care is being provided, the non-medical administrator does not violate the Eighth Amendment by deferring to the judgment of medical professionals.

It is undisputed that Vihlidal is not a medical doctor. D.C. dkt. 147-15 at pp. 40-41, 91 (Washington's depo.). And it is undisputed that Washington received extensive medical care, seeing a doctor at least once a week between 2013-2015. D.C. dkt. 147-1 at ¶¶ 3-6 (Rice decl.); 147-2 (Washington's medical records). While

Washington disputes the adequacy and efficacy of this treatment, the undisputed record shows that he was under the care of several physicians and nurses at the prison. Nothing in the record suggests that Vihlidal, a lay-person, should have known that this extensive treatment was somehow insufficient. Washington's own "vague assertions and self-diagnoses" are inadequate bases for an Eighth Amendment claim. *Brightwell*, 637 F.3d at 194.

More to the point, Washington is a hypochondriac and was being seen weekly by medical staff. Vihlidal's refusal to second-guess the decisions of the many doctors and other medical professionals who attempted to treat Washington does not constitute an Eighth Amendment violation. In fact, this is precisely the behavior we want from non-medical administrators: To not interfere with the medical treatment of inmates by doctors and nurses.

Finally, to the extent Washington sues Vihlidal for investigating his grievances, that also does not state a viable Eighth Amendment claim. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988) (reviewing an inmate grievance is not "personal involvement" for a § 1983 claim); *see also*, *Plummer v. Wellpath*, 23-1637, 2023 WL 4181620, at *2 (3d Cir. June 26, 2023) (per curiam) (prison officials who received and reviewed inmate's medical records and grievances did not have personal involvement in underlying actions); *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (per curiam) ("[B]ecause a

prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances.").

The District Court correctly granted summary judgement in Vihlidal's favor.

## CONCLUSION

For these reasons, the Court should affirm the judgment of the district court.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:     */s/ Sean A. Kirkpatrick*
_____

SEAN A. KIRKPATRICK
Senior Deputy Attorney General
Bar No. 92960 (Pa.)

J. BART DeLONE
Chief Deputy Attorney General
Chief, Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-2331
FAX:  (717) 772-4526

DATE: October 30, 2023

# CERTIFICATE OF COUNSEL

I, Sean A. Kirkpatrick, Senior Deputy Attorney General, hereby certify as follows:

1. That I am a member of the bar of this Court.

2. That the text of the electronic version of this brief is identical to the text of the paper copies.

3. That a virus detection program was run on the file and no virus was detected.

4. That this brief contains 3,236 words within the meaning of Fed. R. App. Proc. 32(a)(7)(B). In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.

/s/ Sean A. Kirkpatrick
_____

SEAN A. KIRKPATRICK
Senior Deputy Attorney General

**CERTIFICATE OF SERVICE**

I, Sean A. Kirkpatrick, Senior Deputy Attorney General, do hereby certify that I have this day served the foregoing Brief For Pennsylvania Department of Corrections Appellees, by depositing a copy of the same in the United States mail,[5] first class, postage prepaid, on the following:

Henry Washington (#AM 3086)
SCI-Somerset
P.O. Box 33028
St. Petersburg, FL 33733

Seven copies were also sent by first class mail to the Clerk of the United States Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

*/s/ Sean A. Kirkpatrick*

SEAN A. KIRKPATRICK
Senior Deputy Attorney General

DATE: October 30, 2023

---

[5]     Pursuant to the 2018 change to the Department of Corrections' mail procedures, all mail—except mail from an inmate's attorney or from a court—must be processed through a vendor in Florida. That vendor, in turn, delivers the mail to the inmates in a safe and secure manner. I have, therefore, served the inmate listed above via U.S First Class mail through the DOC's Inmate Mail System.